92 Ariz. 49 (1962)
373 P.2d 360
Julian Masa DYER, Jr., Appellant,
v.
Gertrude Atwell DYER, Appellee.
No. 6585.
Supreme Court of Arizona, In Division.
July 13, 1962.
*50 Milburn N. Cooper, Phoenix, for appellant.
Stahl, Murphy & Blakley, Phoenix, for appellee.
CHATWIN, Superior Court Judge.
This is an appeal by the husband, Julian Masa Dyer, Jr., from an order of the trial court made and entered August 12, 1957, wherein said husband: (1) was held in *51 contempt of court for not having made full child support and alimony payments to his wife, Gertrude Atwell Dyer, (appellee herein) as previously ordered;[1] (2) was ordered to pay an additional $100 attorney's fees to the wife's attorneys for a hearing on the order to show cause; and (3) was ordered to pay appellee an additional $500 for attorney's fees and court costs incurred in the furtherance of perfecting an appeal to this court.[2]
The facts with which we are concerned are as follows: subsequent to the divorce decree of January 25, 1957, (see note 1) appellant failed to make all the alimony and support payments as ordered, whereupon appellee's attorney sought a petition for an order to show cause why appellant should not be found in contempt; various orders followed, among them was one finding the amount of the arrearage in support payments, and another reducing the monthly support allowance from $140 to $100; to secure payment of the delinquent amounts, writs of garnishment were issued against appellant's employer, Reynolds Metals Company; on June 5, 1957, appellant petitioned the court for an order to show cause why appellee should not be restrained and enjoined from obtaining any execution or further garnishments under the divorce decree, pending determination of the appeal (see note 2); on August 2, 1957, appellee filed a petition for an order to show cause, reciting that appellant was in arrears $404.-98 for child support and alimony, plus accrued attorney's fees of $275, and that she was without funds sufficient to defray the costs of the pending appeal and the services of an attorney; her petition prayed for an order finding appellant in contempt for failure to make the support payments as ordered, and for an additional $500 as a reasonable attorney's fee for furtherance of the appeal.
In his appeal from the order of August 12, 1957, in favor of appellee, the husband assigns five errors. In assignments 1 and 2 he contends that the court erred in finding him guilty of contempt because there was no evidence of wilful disobedience and his failure to pay the child support and alimony was due to his financial inability to do so.
The trial court can, pending an appeal, enforce by means of contempt proceedings the terms of a decree providing for *52 child support. A.R.S. § 25-351, subd. B (1956) provides:
"An order directing payment of money for support or maintenance of the wife or the minor child or children, shall not be suspended or the execution thereof stayed pending the appeal."
Under this statutory direction the appellant cannot, by his own determination, suspend the payments or any part thereof during the appeal. His failure to make the payments as ordered will permit the appellee to bring the appellant before the court, which has continuing jurisdiction to enforce its orders for support and maintenance, by means of a petition for contempt proceedings to enforce the order.
To find the defendant guilty of contempt, the trial court must determine that the defendant wilfully failed to make the required payments or voluntarily created a disability to avoid payment.[3] However, when failure to make the payments in accordance with the divorce decree is shown (which fact was undisputed in the instant case) a prima facie case of wilfulness is made out and it becomes incumbent upon the defendant to show his excusable inability to make the payments ordered.[4]
In the instant case the trial court found that the failure to pay was wilful, and we have many times stated that where there exists a conflict in the evidence we will not upset the judgment of the trial court.[5] There is ample evidence in the record before us to support a finding that the husband did have the ability to make the required payments, e.g., appellant's monthly salary was $475 and his take home pay about $357; appellant had an additional $100 per month rental income, part of which he spent to increase the equity in his home; appellant and his child took a vacation trip to Dallas, Texas at a time when he was in arrears in his payments; and he was making payments of $35.60 per month which went to increase the equity in his automobile. In view of this evidence supporting a finding that appellant's failure to pay was not due to his inability and was therefore wilful, we must uphold the judgment of the trial court finding him in contempt.
The husband's third assignment is that the court erred in denying defendant's request to cross examine plaintiff as to her financial status. However, since no argument is offered on this assignment it will be considered abandoned.[6]
The fourth and fifth assignments of error are that the orders requiring the husband to *53 pay attorney's fees for prosecution of the order to show cause and the appeal, are contrary to the evidence.
The trial court may award attorney's fees to the wife: (a) incurred in contempt proceedings necessitated by the husband's failure to comply with his duty under the divorce decree;[7] and (b) necessary to insure that she will be able to carry litigation to its conclusion on appeal.[8] In determining whether attorney's fees should be awarded, the court may consider the financial status of both husband and wife including their incomes and property. The trial court's determinations based on such evidence will not be over-turned unless there is an abuse of discretion. Schuster v. Schuster, 42 Ariz. 190, 23 P.2d 559 (1933). We believe the facts already set forth as negativing appellant's contention that he was unable to pay child support and alimony, are also sufficient to support the trial court's determination that he has the ability to pay the attorney's fees.
For the aforesaid reasons the order of the trial court is affirmed.
BERNSTEIN, C.J., and LOCKWOOD, J., concur.
NOTES
[1] On January 25, 1957, a divorce decree had been entered whereby the wife was granted a divorce and given custody of a minor child and a share of the property. The husband was therein ordered to pay $50 per month alimony, $140 per month child support, and the wife's attorneys fees of $250.
[2] The husband had appealed from the divorce decree of January 25, 1957. Further proceedings in this court on that appeal have been stayed, however until the order of the trial court of August 12, 1957 is either complied with or reversed on the present appeal.
[3] Bailey v. Superior Court, 215 Cal. 548, 11 P.2d 865 (1932).
[4] Wilson v. Wilson, 45 N.M. 224, 114 P.2d 737, 739 (1941).
[5] Gerber v. Cook, 90 Ariz. 390, 368 P.2d 458 (1962).
[6] Goldwaters, Inc. v. Medar, 82 Ariz. 344, 313 P.2d 410 (1957).
[7] Cf. Bradstreet v. Bradstreet, 34 Ariz. 340, 271 P. 717 (1928).
[8] Ackel v. Ackel, 57 Ariz. 14, 110 P.2d 238, 133 A.L.R. 549, rehearing denied 57 Ariz. 118, 119, 111 P.2d 628, 133 A.L.R. 556 (1941).