406 P.2d 738

Beverly Poston HERZOG, Appellant,

v.

Thomas Edward REINHARDT, Appellee.

No. 2 CA–CIV 154.

Court of Appeals of Arizona.

Oct. 19, 1965.

Stuart Herzog, Tucson, for appellant.

H. Earl Rogge, Jr., Tucson, for appellee.

JOHN A. McGUIRE, Superior Court Judge.

This matter comes before the court upon motion to dismiss the appeal upon the ground that the orders sought to be appealed from are non-appealable.

It appears that the parties were divorced on December 29, 1964; the decree provided for child custody in the appellant (wife), except that the appellee might have the child for one month in the summertime. The decree contained detailed provisions for division of property, including the preparation of a list of certain personal property, with the parties to have choice of items alternately; and if they could not so act, then the court might make further disposition. No appeal was taken from this judgment and it has become final.

The parties could not agree on the handling of the disposition of the personal property and that, together with contempt proceedings relating to the custody of the child and other matters, came before the trial court which, on July 16, 1965, made an order finding both parties in contempt, setting forth how they might purge themselves of this contempt and then dealt with the disposition of the property above mentioned.

■■■ The following orders were also made by the trial court:

1. An order on July 27, 1965, citing appellant to show cause on July 30, 1965, why she should not be punished for contempt.

2. An order on August 10, 1965, setting a hearing on August 17, 1965.

3. An order setting a hearing regarding the jurisdiction of the Superior Court.

4. An order dated August 17, 1965, holding the Superior Court had jurisdiction. (Appellant claimed the Superior Court had lost jurisdiction because of the filing of a petition for certiorari in the Supreme Court.)

A notice of appeal from all of these orders was filed August 17, 1965.

It is evident that orders Nos. 1 to 4 listed above are non-appealable.

This leaves the question of whether all or any part of the order of July 16, 1965 is appealable.

The contempt herein, involving child custody, obviously does not come within the scope of A.R.S. § 12–861, but within the scope of A.R.S. § 12–864. A.R.S. § 12–864 provides as follows:

"Contempts committed in the presence of the court or so near thereto as to obstruct the administration of justice, and contempts committed by failure to obey a lawful writ, process, order, judgment of the court, and all other contempts not specifically embraced within this article may be punished in conformity to the practice and usage of the common law."

This section, with very minor changes in language in no way affecting the meaning, is the same as § 4474, 1928 Revised Code of Arizona, which was construed by the Supreme Court in the case of In re Wright, 36 Ariz. 8, 281 P. 944. In this case the court said:

"Cases falling within section 4474, and we are convinced that this one does, must be governed by the 'practice and usage of the common law.' According to such practice and usage the contemnor is not entitled to a jury trial nor to an appeal or to bail. Van Dyke v. Superior Court, 24 Ariz. 508, 211 P. 576." (36 Ariz. 8, 13, 281 P. 944, 946.)

This case has never been overruled and is controlling.

■■■ There are very important reasons why contempt orders of this type should not be appealable. The time to appeal from an order or judgment is when it is made, not when its enforcement is sought. The enforcement of judgments and orders of the trial courts cannot be held up by appeals taken in contempt proceedings. It must be

remembered that the citizen is still protected from any arbitrary action of the trial courts, because if fundamental constitutional rights are violated, the contempt order can be attacked collaterally as void, upon certiorari or other writ, including, if the contemnor is imprisoned, habeas corpus. It follows then that the appeal from the finding of contempt must be dismissed.

Some argument is made that a finding of double contempt cannot stand because of the rule that he who comes into equity must come with clean hands. It is true that in its discretion a court of equity may and frequently will withhold giving one party the remedy of contempt if he himself has violated any part of the court's orders, but this rule does not in any way prevent the court from enforcing its orders. Where the welfare of minor children is involved it is imperative that the courts have this power regardless of any action of the parties.

This court holds that an order permitting a party to purge herself of contempt by delivering the custody of a minor child on a certain day when the contempt committed consisted of failing to deliver the child on a previous date is not a modification but an enforcement of the judgment, and therefore no appeal lies from that portion of the order. However, insofar as the order of July 16, 1965 makes disposition of personal property under the power reserved in the judgment to make such disposition, it is an appealable order. The giving of a supersedeas bond will stay that portion of the order. Otherwise it, too, may be carried out pending the appeal. That portion of the order of July 16, 1965 dealing with contempt of court having been held to be non-appealable cannot be superseded and may be carried into effect immediately by the trial court.

It is therefore the order of this court that the motion to dismiss the appeal is granted, except as to that portion of the order of July 16, 1965 distributing certain personal property between the parties, and as to that portion of the order it is ordered that the motion be denied.

KRUCKER, C. J., and HATHAWAY, J., concurring.

NOTE: The Honorable JOHN F. MOLLOY having requested that he be relieved from consideration of this matter, Judge JOHN A. McGUIRE was called to sit in his stead and participate in the determination of this decision.