508 P.2d 771

Peter T. VAN BAALEN, Appellant,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, and the Honorable Rufus C. Coulter, Jr., Judge, Appellees.

No. 1 CA–CR 578.

Court of Appeals of Arizona,
Division 1,
Department B.

April 17, 1973.

Rehearing Denied May 16, 1973.

Review Denied July 3, 1973.

Moise E. Berger, Maricopa County Atty. by Kevin Kane, Deputy County Atty., Phoenix, for appellee.

Peter T. Van Baalen, Phoenix, in pro. per.

PER CURIAM:

Ordinarily this Court does not publish an opinion where the dismissal of an appeal on the Court's own motion is involved. In this case, however, we deem it of sufficient import to do so.

Upon the docketing of an appeal, this Court makes an initial review of the record to determine whether or not it has jurisdiction. Such review in this case indicates that this Court has no jurisdiction over the present attempted appeal. The record indicates that the appeal attempted to be taken herein is from two orders of the trial court entered in a criminal action pending before it, in which appellant is appearing as the defendant's attorney. The first order held appellant in contempt and ordered him to pay a fine of $312 for his failure to obey a court order to appear at the jury trial which had been scheduled in the criminal case. The second order denied appellant's motion to set aside the first order or alternatively for a hearing thereon. This matter is therefore concerned

solely with appellant's attempt to obtain review by appeal of the trial court's orders holding him in contempt and punishing him for failure to obey a court order requiring him to appear for trial.

■ There are several types of contempts recognized in Arizona, each with its own rather specific procedure. Weiss v. Superior Court, 106 Ariz. 577, 480 P.2d 3 (1971); Ong Hing v. Thurston, 101 Ariz. 92, 416 P.2d 416 (1966); In re Quan, 39 Ariz. 13, 3 P.2d 522 (1931); State v. Cohen, 15 Ariz.App. 436, 489 P.2d 283 (1971); Anonymous v. Superior Court, 4 Ariz.App. 170, 418 P.2d 416 (1966). As opposed to the type of contempt defined by A.R.S. § 12–861, the type involved in the present matter clearly falls within A.R.S. § 12–864, which provides as follows:

> "Contempts committed in the presence of the court or so near thereto as to obstruct the administration of justice, and contempts committed by failure to obey a lawful writ, process, order, judgment of the court, and all other contempts not specifically embraced within this article may be punished in conformity to the practice and usage of the common law."

The act sought to be punished here was not an act forbidden by court order which also constituted a criminal offense, as required by A.R.S. § 12–861. It was a failure to obey a court order requiring the performance of a specified act and occurred out of the presence of the court. The contempt proceedings were initiated by the court itself and not by a litigant. No attempt was made to bring the proceedings under A.R.S. §§ 12–861 through 12–863. Cases of this type have repeatedly been held to be governed by A.R.S. § 12–864. Ellison v. Mummert, 105 Ariz. 46, 459 P.2d 306 (1969); In re Quan, supra; In re Wright, 36 Ariz. 8, 281 P. 944 (1929); Golden v. Superior Court, 8 Ariz.App. 25, 442 P.2d 562 (1968); Anonymous v. Superior Court, supra; Herzog v. Reinhardt, 2 Ariz.App. 103, 406 P.2d 738 (1965); Rogers v. Superior Court, 2 Ariz.App. 556, 410 P.2d 674 (1966); cf. Ong Hing v. Thurston, supra; Phoenix Newspapers, Inc. v. Superior Court, 101 Ariz. 257, 418 P.2d 594 (1966).

■ Contempt orders or judgments under A.R.S. § 12–864, as opposed to those arising under A.R.S. § 12–861, are not appealable, even though they may theoretically be designated as "criminal contempts", and attempted appeals from such judgments or orders have consistently been dismissed. In re Wright, supra; Van Dyke v. Superior Court, 24 Ariz. 508, 211 P. 576 (1922); Anonymous v. Superior Court, supra; Herzog v. Reinhardt, supra; cf. Weiss v. Superior Court, supra; Ong Hing v. Thurston, supra; Phoenix Newspapers, Inc. v. Superior Court, supra. Such orders or judgments are, however, reviewable in appropriate circumstances by special action, Weiss v. Superior Court, supra; cf. Ong Hing v. Thurston, supra; Phoenix Newspapers, Inc. v. Superior Court, supra; Golden v. Superior Court, supra; Rogers v. Superior Court, supra; or by habeas corpus if the contemnor is imprisoned. Ellison v. Mummert, supra; In re Quan, supra.

■ It is thus clear that the present attempted appeal by Attorney Van Baalen is solely from two non-appealable orders, and this Court has no jurisdiction over the attempted appeal, except to dismiss it.

On the Court's own motion,

It is ordered dismissing this appeal for lack of jurisdiction.

EUBANK, P. J., Department B, JACOBSON, C. J., Division 1, and HAIRE, J., concur.