537 P.2d 602
**U. Hale GAMMILL, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF PIMA and J. Richard Hannah, Judge thereof, Respondents;**

**and**

**ARIZONA DRIVING SCHOOL, INC., an Arizona Corporation, Real Party in Interest.**

**No. 2 CA–CIV 1911.**

Court of Appeals of Arizona, Division 2.

July 14, 1975.

Rehearing Denied Aug. 28, 1975.

Review Denied Oct. 14, 1975.

Slutes, Zlaket, Sakrison & Wasley by D. Thompson Slutes, Tucson, and Powers, Boutell, Fannin & Kurn, P. A. by Guy David Knoller, Phoenix, for petitioner.

Russo, Cox, Dickerson & Cartin, P. C. by J. James Murphy, Tucson, for respondents.

OPINION

HATHAWAY, Judge.

Petitioner was permanently enjoined in 1968 from use of the tradenames "Arizona Driving School," "Arizona School of Driving," and "A Arizona School of Driving," or any similar combination of those words within Pima County. On January 7, 1975, petitioner made application with the Secretary of State for a certification of the tradename Sears Arizona School of Driving, petitioner having entered an agreement regarding the operation with Sears Roebuck & Co. The certification has been held in abeyance pending the outcome of this and similar litigation in Maricopa County. Meanwhile, on February 1, 1975, Sears Arizona School of Driving commenced operation in Pima County using

**218**

that tradename. Use of the name ceased in Pima County of June 3. On March 21, 1975, Arizona Driving School filed a petition for an order to show cause in Pima County Superior Court which, when granted, ordered petitioner to show cause why he should not be held in contempt of the 1968 injunction.

By a memorandum and order filed April 29, petitioner was found in contempt under A.R.S. § 12–864 of the previously issued injunction. Said order also stated that petitioner may purge himself of the contempt by ceasing to use the tradename "Arizona School of Driving" in Pima County, either in conjunction with the name "Sears" or otherwise.

■ We are called upon to decide whether the finding of contempt by the trial court was clearly erroneous and an abuse of discretion by the trial judge. We find that it was.

■ Obviously the purpose of the 1968 injunction was to prevent unfair competition between the businesses involved due to the similarity of the tradenames. Unfair competition will not exist where the names can be varied to avoid confusion and uncertainty in the mind of the public. Boice v. Stevenson, 66 Ariz. 308, 187 P.2d 648 (1947); Lininger v. Desert Lodge, 63 Ariz. 239, 160 P.2d 761 (1945).

Boice v. Stevenson, supra, quoted language from Jordan Sulphur Springs & Mud Bath Sanitarium Co. v. Mudbaden Sulphur Springs Co., 135 Minn. 123, 160 N.W. 252 (1916):

> " 'By prior adoption and use one does not acquire the exclusive right to use as a trade-name words properly descriptive of the business in which he is engaged; but if another, engaged in like business, subsequently makes use of such descriptive words in his trade-name, he must *use them in such combination that the two trade-names will be fairly distinguishable.*' " (Emphasis in original) 66 Ariz. at 319, 187 P.2d at 655.

There was no proof at the show cause hearing that prospective customers would be misled or confused into believing that the Sears Arizona School of Driving is the same as Arizona Driving School. The use of Sears' well-known tradename obliterates confusion caused by the similarity of the terms used.

The 1968 injunction cannot be construed any more broadly than is necessary to prevent unfair competition. The injunction does not cover the use of the tradename Sears Arizona School of Driving because the use of that nomenclature does not lead to unfair competition between the parties. The contempt order of the lower court is hereby vacated.

HOWARD, C. J., and KRUCKER, J., concur.