547 P.2d 14
**Allen A. HAGGARD, Appellant,**

v.

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, and the Honorable C. Kimball Rose, Judge, Appellees.**

**No. 1 CA-CR 1731.**

Court of Appeals of Arizona,
Division 1,
Department C.

March 18, 1976.

Thomas Anthony Barnet, Phoenix, for appellant.

Moise E. Berger, Maricopa County Atty., Phoenix, for appellees.

OPINION

HAIRE, Chief Judge, Division 1.

On January 5, 1976, attorney Allen A. Haggard, through counsel, filed with the Clerk of the Maricopa County Superior Court his notice of appeal, purporting to appeal from a judgment of contempt and

fine imposed against him by order of the Honorable C. Kimball Rose, entered on October 6, 1975. The contempt proceedings resulted from attorney Haggard's failure to appear on behalf of his client in hearings scheduled in a pending criminal prosecution, Maricopa County Cause No. CR–82263, *State v. Stanley Durnell Taylor*.

Upon the docketing of an appeal in this Court, an initial review of the record is made to determine whether we have jurisdiction. Our review discloses that in this case, we have no jurisdiction and therefore the appeal must be dismissed. Attorney Haggard's sole review remedy, if any is appropriate at this time, is by petition for special action to the Arizona Supreme Court. *See Van Baalen v. Superior Court*, 19 Ariz.App. 512, 508 P.2d 771 (1973).

The facts in this case and *Van Baalen* are practically identical—each involves an attempted appeal from an order finding the appellant in contempt and imposing a fine for failure to appear at a scheduled court hearing. Were it not for the fact that our decision in *Van Baalen, supra,* preceded the enactment of the 1973 Rules of Criminal Procedure, 17 A.R.S., we would have disposed of this matter by entering an order of dismissal. However, because certain provisions of the 1973 Rules relate to contempt matters, we have deemed it advisable to briefly consider those provisions and dispose of this matter by formal published opinion.

We have reviewed the provisions of Rule 33, entitled "Criminal Contempt", and Rule 31, entitled "Appeals from Superior Court". Our review of these rules has convinced us that they have no applicability to appeal rights in contempt matters. Rule 33 merely reflects a codification of previous Arizona and federal decisional law relating to *trial court procedures* in contempt matters. Rule 31 sets forth the procedures governing appeals in criminal matters, and does not purport to extend the right of appeal to matters which were not previously appealable under Arizona law. Therefore, the principles enunciated in this Court's opinion in *Van Baalen, supra,* are still viable, and require that this appeal be dismissed for lack of jurisdiction.

In view of our decision that the appeal must be dismissed for lack of jurisdiction, we need not consider the additional question of whether the notice of appeal was timely filed.

The appeal is dismissed.

NELSON, P. J., and EUBANK, J., concur.