**In re the Marriage of Norma J. PACE, Petitioner-Appellee,**

v.

**Milton G. PACE, Respondent-Appellant.**

**No. 1 CA–CIV 4698.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 19, 1981.

---

**456**

Corbet & Eagleburger, Ltd. by Charles I. Kelhoffer, Gregory Eagleburger, Phoenix, for petitioner-appellee.

Rihr & Hessinger by Joseph J. Hessinger, Pinetop, for respondent-appellant.

## OPINION

CONTRERAS, Judge.

Appellant Milton G. Pace appeals from a judgment of the superior court punishing him for contempt of court for failure to pay child support and spousal maintenance. Appellant has presented a number of issues on appeal, one of which concerns the jurisdiction of this court. We have determined that we are without jurisdiction to entertain the appeal and the appeal is therefore dismissed.

The facts relevant to disposition are not disputed. The marriage of appellant and appellee was dissolved by decree filed May 15, 1978. The decree required appellant to pay a total of $800 per month for the support of his four minor children and $400 per month for spousal maintenance.[1] Subsequent to entry of the decree, appellee initiated a show cause proceeding seeking to hold appellant in contempt based upon the allegations of her petition that appellant had failed to pay the requisite child support and spousal maintenance. After a hearing on November 7, 1978, the trial court found that appellant was in contempt for failing to pay a total of $3,800 in child support and spousal maintenance. The trial court gave appellant until December 7, 1978, to purge himself of contempt by payment of the arrearages. Appellant did not do so, and on January 8, 1979, the trial court sentenced appellant to 30 days in jail for the contempt. In the event that appellant had paid the arrearages before January 12, the sentence would have been suspended. He did not do so but subsequently filed a bond and prosecuted this appeal.

■ In Arizona, contempts are generally divided into two procedural varieties by A.R.S. §§ 12–861 and –864.[2] Section 12–861 refers to "doing an act or thing . . . forbidden" by an order or judgment which also constitutes a criminal offense. The procedure for prosecuting alleged contempts of this nature is prescribed by A.R.S. §§ 12–862 and –863. An appeal is provided by § 12–863(D). Contempts committed by "failure to obey a . . . judgment" and all other contempts including direct contempts and some criminal contempts, other than those described in A.R.S. § 12–

---

1. A direct appeal from the judgment and decree of dissolution was taken to this court and docketed as 1 CA–CIV 4533. The judgment was affirmed by a memorandum decision issued February 19, 1981.

2. The two sections provide:
  § 12–861. Criminal contempt defined
  A person who wilfully disobeys a lawful writ, process, order or judgment of a superior court by doing an act or thing therein or thereby forbidden, if the act or thing done also constitutes a criminal offense, shall be proceeded

against for contempt as provided in §§ 12–862 and 12–863.
  § 12–864. Direct or constructive contempts; punishment
  Contempts committed in the presence of the court or so near thereto as to obstruct the administration of justice, and contempts committed by failure to obey a lawful writ, process, order, judgment of the court, and all other contempts not specifically embraced within this article may be punished in conformity to the practice and usage of the common law.

861, are the subject of A.R.S. § 12–864. No right of appeal is provided for contempt adjudications under this statute. *In re Wright*, 36 Ariz. 8, 281 P. 944 (1929); *In re Anonymous*, 4 Ariz.App. 170, 418 P.2d 416 (1966); *Herzog v. Reinhardt*, 2 Ariz.App. 103, 406 P.2d 738 (1965). Review must be by special action. *Haggard v. Superior Court*, 26 Ariz.App. 162, 547 P.2d 14 (1976); *Van Baalen v. Superior Court*, 19 Ariz.App. 512, 508 P.2d 771 (1973).

It has been held that A.R.S. § 12–861 may only be used when conduct is *forbidden* by court order or process. *In re Wright, supra*. Non-forbidden conduct (inaction) may constitute contempt only under A.R.S. § 12–864, *Ong Hing v. Thurston*, 101 Ariz. 92, 416 P.2d 416 (1966); *In re Wright, supra*, even though it may also be criminal conduct. As stated by our supreme court:

> But, as we understand section 4471, [§ 12–861] before the accused can invoke its procedure it must not only appear that his act is a criminal offense, but also that his act must consist in doing something *forbidden* by "lawful writ, process, order or judgment." ... We cannot bring ourselves to think that the legislature intended that an officer of the court who had failed or refused to execute a lawful writ, process, order or judgment of such court, commanding or directing him to do something, could, when "called on the carpet" for such failure or refusal, demand a jury trial and bail. Such disobediences were evidently intended to be covered and taken care of by section 4474 [§ 12–864].

*In re Wright*, 36 Ariz. at 12, 281 P. at 946.

An apparent but not expressed deviation from the principles of *In re Wright* occurred in *Dyer v. Dyer*, 92 Ariz. 49, 373 P.2d 360 (1962). In *Dyer*, our supreme court entertained an appeal from an order holding a former husband in contempt for failure to make child support and alimony payments. There was no discussion of the jurisdiction of the court to entertain the appeal or the appealability of the order. After the *Dyer* decision, the "forbidden act— inaction" dichotomy expressed in our con-

tempt statutes was reaffirmed in *Ong Hing*. *Ong Hing* extensively relied upon *In re Wright*. We do not believe that our supreme court intended to overrule *In re Wright* when it entertained the appeal in *Dyer*. A balanced statement of the overruling of precedent by implication is set forth in 20 Am.Jur.2d *Courts* § 232 (1965):

> A judicial precedent may be overruled by implication. Thus it is said that a later decision overrules prior decisions which conflict with it whether such prior decisions are mentioned and commented upon or not. But certain opinions take a dim view of the proposition that a case may be overruled by implication in a later decision. For example, it has been stated that an intention to overrule a number of longstanding precedents should be expressed in plain and explicit terms, that a well-established and important legal principle will not be deemed to have been overruled by implication in subsequent decisions, and that a subsequent decision cannot, by mere implication, be held to overrule a prior case unless the principle is directly involved and the inference is clear and impelling.

(footnotes omitted). While the circumstances underlying the contempt adjudication in *Dyer* were such as to require dismissal of the appeal under the principles of *In re Wright*, there is no hint that the jurisdictional issue was raised in *Dyer* or that the court was aware of a jurisdictional defect. The circumstances of *Dyer* thus negate an inference of a *sub silencio* overruling of the carefully articulated principles of *In re Wright*. This is confirmed by the extensive reliance upon *In re Wright* in the subsequent case of *Ong Hing*. Additionally, our supreme court has held that when the issue of jurisdiction is not raised or discussed in a case, the decision is not authority for the existence of jurisdiction. *Bedard v. Gonzales*, 120 Ariz. 19, 583 P.2d 906 (1978); *Sarwark v. Thorneycroft*, 123 Ariz. 1, 596 P.2d 1173 (App.1979), *approved* 123 Ariz. 23, 597 P.2d 9 (1979). Accordingly, *Dyer* is not authority for jurisdiction of this court to entertain an appeal from a

contempt adjudication based on A.R.S. § 12–864.

Appellant appears to concede the general principle of *In re Wright* and *Ong Hing* but argues that A.R.S. § 12–863.01,[3] taken in conjunction with A.R.S. §§ 12–861 through –863, confers a right of appeal. A.R.S. § 12–863.01 provides in part:

A. A person who is convicted of a violation of § 12–862 for failure to obey the orders of the court relative to support of a minor child or children is guilty of a class 3 misdemeanor.

Appellant argues in effect that § 12–863.01 both defines a criminal offense and by its reference to § 12–862 incorporates the right to appeal granted in § 12–863. We are faced, then, with the proposition that insofar as the legislature's reference to A.R.S. § 12–862 may be taken as necessarily implying a reference to A.R.S. § 12–861, the legislature erred in that reference because a failure to pay support is within the contemplation of A.R.S. § 12–864, rather than § 12–861. Yet, at the same time, it seems clear that the legislature intended A.R.S. § 12–863.01 to classify such conduct as a criminal offense and prescribe a procedure for its determination and enforcement.

Assuming without deciding the efficacy of A.R.S. § 12–863.01 to state a criminal offense, we believe that the legislature intended to provide *criminal* procedures when a parent, usually divorced, is duly charged by the public prosecuting authorities with a criminal offense as well as being the subject of a civil contempt charge. Under that interpretation, a *civil* contempt proceeding for failure to pay child support remains procedurally within the scope of A.R.S. § 12–864. Appellant's interpretation would permit an ex-spouse in arrears to obtain a jury trial and other rights incident to a charge of criminal contempt in every contempt proceeding involving a failure to pay child support. *See State v. Cohen,* 15 Ariz. App. 436, 489 P.2d 283 (1971). We do not believe that our legislature intended to pro-

vide such rights to every former spouse "called on the carpet" by an ex-spouse for an arrearage in child support and we do not find within the language of § 12–863.01 an intent to work such a radical change in our laws.

 We accordingly conclude that appellee's petition to hold appellant in contempt, which was filed within the framework of the original dissolution action, initiated a civil contempt proceeding within the scope of A.R.S. § 12–864, rather than A.R.S. § 12–861. As indicated above, no appeal is available for contempt adjudications under A.R.S. § 12–864. Accordingly, this court does not have jurisdiction to entertain this appeal.

The appeal is therefore dismissed.

FROEB and WREN, JJ., concur.

---

3. A.R.S. § 12·863.01 was enacted in 1967. It was amended to conform to our revised criminal code in 1978.