788 P.2d 1258

**Richard S. BERRY, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, Honorable Frederick Martone, a judge thereof, and Jane Bayham–Lesselyong, a Court Commissioner thereof, Respondent Judges,**

**DESERT HOLDING AND INVESTMENT, an Arizona corporation, Real Party in Interest.**

**No. 1 CA–SA 88–273.**

Court of Appeals of Arizona, Division 1, Department A.

March 7, 1989.

Richard S. Berry, Tempe, in Pro. Per.

John B. Marron, Phoenix, for real party in interest.

## OPINION

JACOBSON, Judge.

Petitioner Richard S. Berry seeks special action relief from an order holding him in civil contempt for failing to produce financial records at a judgment debtor's examination, and from a resulting civil body attachment. This court, having *sua sponte* raised the issue of its subject matter jurisdiction, has concluded that it lacks special action jurisdiction to review a contempt adjudication. We therefore have transferred this special action to the Arizona Supreme Court pursuant to A.R.S. § 12–120.22(B).

■ The court of appeals has limited subject matter jurisdiction. Our appellate jurisdiction extends only to actions "originating in or permitted by law to be appealed from the superior court, except criminal actions involving crimes for which a sentence of death or life imprisonment has actually been imposed." A.R.S. § 12–120.21(A)(1). Our special action jurisdiction is limited to issuing writs "necessary and proper to the complete exercise of [our] appellate jurisdiction." A.R.S. § 12–120.21(A)(3). We therefore have special action jurisdiction only in matters that we have a potential right to consider in an appeal. *Baca v. Don*, 130 Ariz. 222, 635 P.2d 510 (App.1981); *Goodrich v. Industrial Comm'n*, 11 Ariz.App. 244, 463 P.2d 550 (1970); *Crouch v. Justice of the Peace Court*, 7 Ariz.App. 460, 440 P.2d 1000 (1968).

■ The rule is well established that civil contempt adjudications are not appealable. *In re Wright*, 36 Ariz. 8, 281 P. 944 (1929); *Pace v. Pace*, 128 Ariz. 455, 626 P.2d 619 (App.1981); *In re Anonymous*, 4 Ariz.App. 170, 418 P.2d 416 (1966); *Herzog v. Reinhardt*, 2 Ariz.App. 103, 406 P.2d 738 (1965). Review of a contempt citation is therefore only possible by special action. *Pace v. Pace; Haggard v. Superior Court*, 26 Ariz.App. 162, 547 P.2d 14 (1976); *Van Baalen v. Superior Court*, 19 Ariz.App. 512, 508 P.2d 771 (1973). Because review of a contempt adjudication would not be possible in an appeal to this court, we do not have subject matter jurisdiction within our limited statutory authority to accept such review in a special action in aid of our appellate jurisdiction. We thus conclude that the court of appeals has no subject matter jurisdiction over a special action seeking review of a civil contempt order.

We note that Division Two of this court has previously assumed special action jurisdiction to review contempt orders. *See, e.g., John Doe I v. Superior Court*, 149 Ariz. 169, 717 P.2d 473 (App.1985); *Patchell v. State*, 147 Ariz. 508, 711 P.2d 647 (App.1985); *Riley v. Superior Court*, 124 Ariz. 498, 605 P.2d 900 (App.1979); *Gammill v. Superior Court*, 24 Ariz.App. 217, 537 P.2d 602 (1975); *Weiss v. Superior Court*, 12 Ariz.App. 527, 472 P.2d 950 (1970), *vacated on other grounds* 106 Ariz. 577, 480 P.2d 3 (1971). However, because the issue of subject matter jurisdiction was not raised or addressed in those cases, they are not authority for the existence of jurisdiction. *Bedard v. Gonzales*, 120 Ariz. 19, 583 P.2d 906 (1978); *Sarwark v. Thorneycroft*, 123 Ariz. 1, 596 P.2d 1173 (App.1979), *approved* 123 Ariz. 23, 597 P.2d 9 (1979); *Pace v. Pace*, 128 Ariz. at 457, 626 P.2d at 621.

We believe the proper court to review contempt orders is the supreme court, which has constitutional special action jurisdiction that is broader than that of the court of appeals, and which includes original appellate jurisdiction of extraordinary

writs. *See* Ariz. Const. art. 6, § 5(1); *see generally* 1 Ariz.App. Handbook, §§ 7.3.1, –.2, at 5 (Supp.1986). Because this petition for special action was brought in the wrong court, we are statutorily required not to dismiss it, but to transfer it to the proper court. A.R.S. § 12–120.22(B).

Special action transferred to the supreme court.

GERBER and BROOKS, JJ., concur.