OPINION AND ORDER

BRIEF STATEMENT OF FACTS

The Appellant appeals the trial court’s failure to find Appellee in contempt of court for non-payment of child support. On June 30, 2000, the Appellant filed a petition for family abuse protection order and motion for temporary protection order pursuant to Hopi Ordinance 50. Therein, she alleged that the respondent, Alfonso Keevama, was the natural father of her two children. This allegation appears to have been uncontested. On August 3, 2000, the trial court ordered the respondent to pay petitioner child support in the amount of $125.00 effective August, 2000.
On May 29, 2001, the petitioner filed her motion for order to show cause asserting the petitioner had failed to pay child support since November 2000. On July 19, 2001 the trial court held a hearing on Appellant’s Motion for Order to Show Cause. The Trial Court took the matter under advisement. On July 23, 2001, Appellant submitted a Motion to Stay the Expiration of the Protection Order Pending Appeal, although the Trial Court had not yet issued a ruling. On October 29, 2001 the Tribal Court issued an order finding Appellee was not in civil or criminal contempt of court and denying Appellant’s motion to stay the expiration of the protection order. The court ordered a judgment in favor of Appellant in the amount of $1750.00 for arrearages in child-support and told Appellant that she was free to obtain future child-support under the provisions of Ordinance 53.
On November 13, 2001 Appellant filed a notice of appeal with this court. As grounds for the appeal, Appellant contends that the Tribal Court erred in finding that Respondent is not in contempt of court.

STANDARD OF REVIEW

 In reviewing a Tribal Court order, the Hopi Tribal Court of Appeals must determine the standard of review to be applied. Coin. r. Mowa (Case No. CIV-006-95, 1997 at 36). Questions of law decided by the Tribal Court are reviewed de novo by this court. Id. at 35. This appeal presents questions of law and will be reviewed de novo.

DISCUSSION

A. Did the triol mini err in finding that inability to pay child support is an affirmative defense to an order to show cause action

Appellant asserts that where a valid child support order exists and it is shown that the payor has not paid, the inability to pay is not an excuse to avoid a finding of contempt. However, this is not Hopi law.
In John v. Lewis (No, AP-001-89, 1995) we recognized that the payor’s inability to pay is an affirmative defense in an order to show cause action. In that case, the respondent- failed to pay court ordered child support for nearly a year. Appellant filed a petition for civil contempt and the court *412 issued an Order to Show Cause why Respondent should not be held ½ contempt of court. : There we held that once the party seeking enforcement of an order for support satisfies the burden of showing the order to pay and the fact of non-payment, the burden shifts to the respondent to show “that he has paid support or that he is unable to pay.” Id. at 16 (emphasis added).

B. Did the trial court misapply our holding in John v. Lewis where the re-spondeut’s failure to pay child support urns due to his unwillingness to seek alternate employment beca,use he desired to resolve a political dispute between the Hop/ Tribe and the Village of Mishongnovi!

1. The Trial Court’s Order
The Tribal Court used the standard “reasonable under the totality of the circumstances” in assessing Appellee’s contention that he was unable to pay the child support ordered by the court in its protection order under Hopi Ordinance 50. We find that Appellee’s decision not to find alternate employment in order to pay his child support obligation was not reasonable under the totality of the circumstances, and therefore we reverse.
A review of case law from several jurisdictions supports the proposition that in spite of the defense of inability to pay recognized by this court in Johns v. Lewis, Id. parents who willfully fail to meet child support orders are often held in contempt of court.
In Dyer v. Dyer 92 Ariz. 49, 373 P.2d 360 (1962), the Arizona Supreme court held that to find a defendant guilty of contempt, the court must find that he willfully failed to make the required payments. However, if failure to make the payments is shown, - a prima facie case of willfulness is made out and it is then incumbent upon the defendant to show excusable inatnhty to make the ordered payments. Id. at 52, 373 P.2d 360 (emphasis added). In Dyer, the court affirmed a finding of contempt at the trial court level. The case noted that the eontemnor did not make a showing of inability to pay that was excusable. The court looked at the contemnor’s income from various sources as well as money that the eontemnor spent on a vacation in supporting the trial court’s finding that he was able to pay.
In United States v. Ballek 170 F.3d 871 (1999), the Ninth Circuit found a defendant’s conviction proper where he willfully failed to pay child support in violation of the Child Support Recovery Act, 18 U.S.C.S. § 228. In that case the court found that the defendant’s failure to pay was “willfull” because he “failed to maintain gainful employment that would have enabled him to meet his child support obligations.” Id. at 873.
Trial Court appeared to give considerable weight to the fact that Appellee was continuing to work as a Community Service Administrator (“CSA”) for the Village of Mishongnovi, although he was not receiving any pay because of a dispute between the Village of Mishongnovi and the Tribal Council. The Tribal Court noted that it is Appellee’s hope that he can help to resolve the dispute so that the Tribal Council will release the frozen funds. However, Appellee did not show that there was progress being made toward a resolution of the village-tribal conflict. He did not show that the conflict was likely to be concluded and funds released.
However much the Tribal Court sympathizes with the need to resolve the conflict between Mishongnovi and the Tribal Council, it is also a need that Mr. Keeva-ma’s children be financially supported. The question of whether or not the Appel- *413 lee is doing a “societal good” by remaining at his CSA job, though laudable does not end Mr. Keevama’s duties toward his children.
The Tribal Court also appeared to give some weight to Appellee’s contention that at the time of non-payment of the court-ordered child support, there was no other work on the Hopi Reservation that was commensurate with his skills and ability as a CSA.[1] However, Appellee appears not to have made any factual showing that supports the court’s finding that there was no other work commensurate with Appellee’s skills. As established above, it is Appel-lee’s burden to show that he was unable to pay child support. One way of meeting this burden would be a showing of attempts to find alternate employment. The Tribal Court should give some weight to whether or not the Appellant makes a showing of unsuccessful efforts to find alternate employment. In this case, Appellant did not show evidence that he had been looking for alternate employment, but had been unable to find any other work. This weighs against a finding that his inability to pay was reasonable.
2. Hopi Tribal Policy on Child Support
While Hopi Ordinance 50 provides for the assignment of child support as the court deems necessary, the Hopi Parental Responsibility Ordinance (Ordinance 53) was enacted subsequent to Ordinance 50, and addresses child support more fully. Because Ordinance 53 is the more recent and more detailed expression of the Tribal Council’s legislative intent regarding child support provisions, it is appropriate to consider it as we consider the policy of the Tribe regarding child support.
The preamble to Ordinance 53 is a statement of the policy of the Hopi Tribe to support Hopi children. It notes that “[cjhildren shall be maintained as completely as possible from the resources of their parents” and that the “Ordinance establishes a judicial process for ... the establishment, modification and enforcement of child support obligations; and adds remedies to those already existing for child support enforcement.”
Under the provisions of Ordinance 53, delinquent child support payments may be enforced by withholding of income, bond requirements, criminal sanctions, seizure of property, and suspension or denial of licenses. Ordinance 53 is more comprehensive in its ability to enforce compliance with child support orders than is Ordinance 50. In the protection order of August 3, 2000, granting child support to Appellant under Ordinance 50, the Tribal Court ordered that both parties seek a permanent child support provision “as soon as possible.” It is unclear why counsel for Appellant did not file for child *414 support under Ordinance 53 given the greater protections and remedies offered by that Ordinance.[2]
Because of the great importance of the financial responsibility of parents to their children, we find that the affirmative defense of inability to pay must be scrutinized carefully before it is found to be reasonable. In considering the facts presented in the record before us, we find that it was not reasonable under the totality of the circumstances for Appellee to not pay his child support obligations. Reversed.

AD DICS Dl'M

Appellant’s counsel, D. Jeffrey Por-turica, petitions this court recuse Judge LaRanee from all future cases involving advocate D. Jeffrey Porturica. That remedy is not available to Mr. Porturica. Mr. Porturica may move to disqualify a judge on a case-by-case basis pursuant to HIRCCP Rule 33(b). Mr. Porturica has no interest or standing to raise such issues in a totally unrelated case simply because he is the advocate of record.

. The Tribal Court cites Moss v. Superior Court of Riverside County, 17 Cal.4th 396, 71 Cal.Rptr.2d 215, 950 P.2d 59 (1998) for the proposition that Appellee's decision to continue to work as the village CSA and not to seek or obtain other employment is reasonable under the circumstances of this case. In Moss, the California Supreme Court held that '‘Itjhe duty of a parent to support the parent’s child or children is a fundamental parental obligation. We are satisfied that there is no constitutional impediment to use of the contempt power to punish a parent who, otherwise lacking monetary ability to pay child support, willfully fails and refuses to seek and accept available employment commensurate with the parent’s skills and abilities.” Id. at 405, 71 Cal.Rptr.2d 215, 950 P.2d 59. The tribal court cited this case in conjunction with its decision not to require Appellee to seek substitute employment. However, the Tribal Court does not explain why it finds Appellee's decision not to seek substitute employment "reasonable” and a reading of Moss supports the proposition that it is a parent’s duty to fulfill support obligations to his children by seeking gainful employment or else be held in contempt of court for failure to do so.

. Counsel for Appellant argued at oral argument that Ordinance 50 was proper because it provided the maximum protection for his client. However, we feel that since the Tribal Court specifically admonished his client and the Appellee to seek permanent child support as soon as possible, it borders on malpractice for counsel to have continued to insist that Ordinance 50 was the proper Ordinance for his client. Ordinance 50 does not provide the protection and remedies specific to non-payment of child support that would have been available to Ms. Anderson under Ordinance 53.