NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

JONATHAN HOTT, *Plaintiff/Appellee*,

*v.*

JULIE SOMMERS, *Defendant/Appellant*.

No. 1 CA-CV 20-0372
FILED 3-11-2021

---

Appeal from the Superior Court in Maricopa County
No. CV 2019-057326
The Honorable Gary L. Popham, Judge *Pro Tempore*

**APPEAL DISMISSED**

---

APPEARANCES

Julie Sommers, Peoria
*Defendant/Appellant*

Jones Skelton & Hochuli PLC, Phoenix
By A. Melvin Donald, Lori L. Voepel
*Counsel for Plaintiff/Appellee*

_____

## MEMORANDUM DECISION

_____

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge James B. Morse Jr. joined.

_____

**C A M P B E L L**, Judge:

**¶1**        Julie Sommers appeals the superior court's civil contempt adjudication and its affirmation of an injunction against harassment ("IAH") in favor of Jonathan Hott. We dismiss the appeal because we lack jurisdiction over the claims asserted.

## BACKGROUND

**¶2**        Hott was granted an IAH against Sommers in December 2019. At a status conference in March 2020, Sommers requested the matter be set for a contested hearing. The court scheduled the hearing for April but, before the hearing could be held, a worldwide pandemic erupted. Hott moved to continue the hearing because of COVID-19 restrictions and concerns about the participants' health. The court granted the motion and continued the hearing for a month, over Sommers' objection.

**¶3**        At some point during the disclosure process, Hott inadvertently disclosed privileged information intended for his attorney to Sommers. Counsel promptly informed Sommers of the inadvertent disclosure, and, pursuant to Arizona Rule of Civil Procedure 26.1(h)(2), requested that she return, sequester, or destroy the email. Hott also filed a motion asking the superior court to order Sommers' compliance with rules on privilege. Ariz. R. Civ. P. 26.1(h)(2). The court advised Sommers that she must follow the Civil rules "that all litigants and lawyers are susceptible to" and ordered her to destroy any privileged communication she inadvertently received and provide the court and counsel notice that she had, in fact, done so.

**¶4**        Sommers then moved to continue the May hearing. The superior court granted her motion and continued the hearing to June. Later, Sommers withdrew her request for a hearing. Hott objected to vacating the hearing and also asked the court to set a contempt hearing. The superior court allowed Sommers to withdraw her request for the IAH hearing, affirmed the IAH, and ordered a civil contempt hearing on the

June date. At the hearing, the superior court found Sommers in civil contempt for failing to destroy the privileged email and provide the court and counsel notice of her compliance with the court's order. Sommers now appeals both the IAH and the civil contempt adjudication.

## DISCUSSION

**¶5** Upon receipt of Sommers' appeal, this Court issued an Order Staying Appeal that stated, "an order affirming an [IAH] is immediately appealable under A.R.S. § 12-2101(A)(5)(b)." However, we have an independent duty to determine whether we have jurisdiction to consider an appeal. *Sorensen v. Farmers Ins. Co.*, 191 Ariz. 464, 465 (App. 1997). We must dismiss an appeal over which we lack jurisdiction. *Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304 (App. 1991).

## I. Civil Contempt Adjudication

**¶6** First, Sommers argues that the superior court erred by finding her in civil contempt for failure to comply with its order to destroy the privileged email. There is no right to appeal a civil contempt adjudication. *See Berry v. Superior Court ex rel Cnty. of Maricopa*, 163 Ariz. 507, 508 (App. 1989) (explaining civil contempt adjudications are not appealable and appellate review is "only possible by special action"). Because we lack jurisdiction, we cannot consider this issue on appeal. Further, because Sommers has not asked us to exercise special action jurisdiction over this matter, in our discretion we decline to treat Sommers' appeal as a petition for special action. *See Danielson v. Evans*, 201 Ariz. 401, 411, ¶ 35 (App. 2001) (exercising discretion to treat appeal of contempt order as a petition for special action); A.R.S. § 12-120.21(A)(4) ("The court of appeals shall have [j]urisdiction to hear and determine petitions for special actions brought pursuant to the rules of procedure for special actions, without regard to its appellate jurisdiction.").

## II. Injunction Against Harassment

**¶7** Sommers next raises multiple arguments challenging the validity of the IAH. An order affirming an IAH, generally, is immediately appealable under A.R.S. § 12-2101(A)(5)(b). Under Arizona Rule of Protective Order Procedure ("Rule") 42(a)(3), however, an ex parte IAH is not an appealable order. *See also Wood v. Abril*, 244 Ariz. 436, 437, ¶ 4 (App. 2018) ("Injunctions against harassment are governed by the Arizona Rules of Protective Order Procedure."). The mechanism for challenging an IAH ordered ex parte is to request a contested hearing in the issuing court. Ariz. R. Protective Order P. 42(a)(3). This requirement allows the issuing

court the opportunity to take testimony, evaluate witness credibility, and develop a record for this court's use when reviewing a case on appeal.

**¶8**        Sommers initially requested a hearing, but later withdrew her request and the court vacated the hearing. Because Sommers failed to challenge the IAH at a contested hearing in the issuing court, this court lacks an official court record to review. By failing to comply with Rule 42, this court lacks jurisdiction to consider Sommers' appeal. We vacate this court's previous order in which we indicated jurisdiction over the appeal was appropriate.

## III.    Attorneys' Fees and Costs

**¶9**        Hott requests his attorneys' fees and costs on appeal pursuant to Rule 39, A.R.S. §§ 12-349 and -1809(O), ARCAP 21, and ARCAP 25. Sommers also requests her costs on appeal but cites no legal authority. Because this court lacks jurisdiction over Sommers' IAH appeal, we decline to award fees. As the prevailing party, Hott is entitled to his costs on appeal upon compliance with ARCAP 21. *See In re Perez*, 71 Ariz. 352, 353 (1951) (appellee entitled to costs as prevailing party when appeal dismissed).

### CONCLUSION

**¶10**        This appeal is dismissed for lack of jurisdiction.



AMY M. WOOD • Clerk of the Court
FILED:    AA

4