NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

RHONDA A. HOLLOWAY, *Petitioner/Appellee*,

*v.*

FRANK LEROY GOODARD, JR., *Respondent/Appellant*.

No. 1 CA-CV 21-0279 FC
FILED 1-18-2022

Appeal from the Superior Court in Maricopa County
No. FC 2002-090478
The Honorable Suzanne S. Marwil, Judge

**AFFIRMED**

APPEARANCES

Frank Leroy Goodard, Jr., Dacono, CO
*Respondent/Appellant*

Rhonda A. Holloway, Torrington, CT
*Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Samuel A. Thumma joined.

---

**B R O W N**, Judge:

¶1        Frank Goodard, Jr. ("Father") appeals the superior court's order resolving Rhonda Holloway's ("Mother") petition to find Father in contempt for failing to pay his child support arrears ("Petition for Contempt").  Arguably, Father also appeals the court's ruling denying his request that he be reimbursed for amounts paid to Mother beyond what she was entitled to under Father's bankruptcy court order.  Because Father has failed to make any showing that the superior court committed reversible error, we affirm.

**BACKGROUND**

¶2        Father and Mother are the parents of three children who were minors at the time divorce proceedings commenced in 2002.  For many years, Father failed to make timely child support payments.  In August 2019, he filed for Chapter 13 bankruptcy protection.  The bankruptcy court later issued a stipulated order confirming Father's Chapter 13 plan, which included Mother's priority claim for unpaid child support in the amount of $42,052.85.

¶3        Father also failed to make child support payments from July 2019 through May 2020.  In June 2020, Mother filed a motion to find Father in contempt, requesting $2,147.50 in arrears.  Father objected, arguing that Mother should not be receiving $141 per month for arrearages predating his bankruptcy petition.  The superior court ordered that an amended income withholding statement be issued and explained that it could not hold enforcement proceedings on any child support payments because Father's earnings "remain the property of the [b]ankruptcy [c]ourt."  The court also noted that if Mother wanted to pursue the matter she could make an appropriate filing in the bankruptcy court.

¶4        Mother filed a motion for relief from automatic stay in the bankruptcy court, which issued an order clarifying that Father's Chapter 13 plan included Mother's "priority claim for unpaid child support obligations

in the amount of $42,052.85, without interest, representing arrearages through May 31, 2019." The bankruptcy court stated that Mother could pursue enforcement or contempt proceedings against Father for "post-petition domestic support obligations," but she is "bound by the confirmed Chapter 13 plan and must accept only the payments under the Chapter 13 plan for prepetition domestic support obligations."

¶5 In November 2020, Mother filed her Petition for Contempt, alleging that Father still owed child support arrears and contending she could pursue post-petition arrears in the dissolution proceeding. Mother requested a purge amount of $2,783.92, plus interest, based on the September 2020 case status report, which reflected Father's arrears from June 2019 through July 2020. In his response, Father argued that the child support arrears were a pre-petition obligation and Mother was barred from collecting the arrears pursuant to the bankruptcy plan. And according to Father, the superior court incorrectly calculated child support arrears to include payments owed from June 2019 to mid-August 2019. Father contended that Mother collected $1,571.93 in excess of what he believed he should pay in child support and requested that the superior court enter judgment in his favor for that amount.

¶6 Following an evidentiary hearing at which both parties testified, the superior court issued a signed final order on March 25, 2021 ("March 25 order"). The court explained that the issue before it was whether either party was owed money under the court's post-bankruptcy petition orders for child support. In doing so, the court implicitly treated Father's response as seeking affirmative relief, specifically, to be reimbursed for the amounts he allegedly paid to Mother in excess of what was permitted under the bankruptcy order. The court found that it lacked sufficient evidence to determine whether Mother could have included the June, July, and August 2019 arrears in her bankruptcy claim, and invited the parties to take up that matter in the bankruptcy court. The court concluded that on the record before it, neither party had presented sufficient evidence they were owed post-bankruptcy petition monies under a superior court order.

¶7 Father filed a timely notice of appeal from the March 25 order. The superior court's ruling on a petition for contempt is not appealable. *See Berry v. Superior Court (Martone)*, 163 Ariz. 507, 508 (App. 1989). Further, Father has not shown how he was aggrieved by the denial of Mother's Petition for Contempt. However, because the superior court appears to have treated Father's response as a request for non-contempt relief, which the court implicitly denied, we have appellate jurisdiction over that portion

of the court's ruling under A.R.S. § 12-2101(A)(2), as a "special order made after final judgment."[1]

**DISCUSSION**

**¶8**　　We review orders addressing arrearage determinations for an abuse of discretion. *See State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 14 (App. 2003).

**¶9**　　Father seems to challenge the superior court's March 25 order by suggesting the court failed to include his Chapter 13 plan in its order and allowed Mother "to collect prepetition domestic support obligations from him" outside the plan. But Father does not substantively develop this argument or cite any supporting legal authority; he has therefore waived any purported challenge. *See Polanco v. Indus. Comm'n of Ariz.*, 214 Ariz. 489, 491, ¶ 6 n.2 (App. 2007) (declining to address the merits of a party's argument where the party only mentions an argument "in passing" and "cites no relevant supporting authority and does not develop it further"); *see also* Ariz. R. Civ. App. P. Rule 13(a)(7)(A) (appellant's opening brief must contain an argument that includes "contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities").

**¶10**　　Additionally, because Father has not provided a transcript of the evidentiary hearing, we presume it supports the superior court's order denying his requested relief. *See Burton*, 205 Ariz. at 30, ¶ 16 (recognizing that when a party fails to include necessary items in the record on appeal, the appellate court will presume the missing portions support the superior court's findings and conclusions). Moreover, even if Father was entitled to reimbursement for amounts paid in excess of the bankruptcy court order,

---

[1]　　Father filed a motion for reconsideration after, but on the same day, as the filing of his notice of appeal. In his opening brief, he asserts he is appealing from the superior court's order denying his motion for reconsideration. Even assuming the superior court had jurisdiction to rule on the motion for reconsideration given the pending appeal, Father did not file an amended or new notice of appeal from the court's denial of his motion for reconsideration. *See Lee v. Lee*, 133 Ariz. 118, 124 (App. 1982) (absent "timely notice of appeal following entry of the order sought to be appealed, we are without jurisdiction to determine the propriety of the order sought to be appealed") (citations omitted). Thus, our jurisdiction over Father's appeal is limited to the court's March 25 order denying his request for a judgment and sanctions against Mother.

Father has not addressed the applicability of A.R.S. § 25–527(B), which authorizes the superior court to enter a judgment for reimbursement against an obligation for child support payments made in excess of the amount ordered only "if the court finds that the obligor's obligation to pay support has terminated and *that all arrearages* and interest on arrearages *have been satisfied*." (Emphasis added).

¶11        Father also seeks to challenge the superior court's dismissal or "failure to rule" on several filings made between August 2019 and March 2021. And he disputes numerous minute entries and orders of assignments entered between 2002 and 2020. Father, however, does not explain how any of these filings, minute entries, or orders can properly be challenged through this appeal, or how they are relevant to the March 25 order. Father has thus waived and abandoned any challenge to the court's rulings on these matters. *See Polanco*, 214 Ariz. at 491, ¶ 6 n.2. Moreover, Father did not reference any of these matters in his notice of appeal, so they are untimely and not properly before us. *See* ARCAP Rule 8(c)(3) (a notice of appeal must "[d]esignate the judgment or portion of the judgment from which the party is appealing or cross-appealing"); Rule 9(a) ("a party must file a notice of appeal under Rule 8 no later than 30 days after entry of the judgment from which the appeal is taken").

¶12        Father references numerous constitutional issues about the superior court's authority to make and enforce child support awards. For example, he argues the court (1) should have first demonstrated on the record that he failed to directly care for his minor children before awarding child support, and (2) unconstitutionally deprived him of his right to care for his children. But he does not explain how those arguments have any bearing on the superior court's March 25 order he is appealing. Thus, we do not consider them. *See In re U.S Currency in Amount of $26,980.00*, 199 Ariz. 291, 299, ¶ 28 (App. 2000) (rejecting a party's "bald assertion" of constitutional violations when it was "offered without elaboration or citation to any constitutional provisions or legal authority"); *see also* Rule 13(a)(7)(A).

¶13        Father also objects to any finding that he waived his rights in the superior court proceedings. His argument lacks merit, as he fails to identify when the court made any such finding.

**CONCLUSION**

¶14     We affirm the superior court's order.



AMY M. WOOD • Clerk of the Court
FILED:    AA