**ROYAL NEWS COMPANY, an Ohio corporation, Plaintiff,**

**v.**

**Dewey SCHULTZ, Colin J. McRae, and George W. Moore, Defendants.**

**Civ. A. No. 23094.**

United States District Court
E. D. Michigan, S. D.
June 19, 1964.

Ernest Goodman, Detroit, Mich., for plaintiff.

Travilla G. Daines, Highland Park, Mich., Samuel Brezner, Chief Asst. Prosecuting Atty., County of Wayne, Detroit, Mich., David R. Kaplan, George H. Cross, Aloysius J. Suchy, Asst. Prosecuting Attys., County of Wayne, for defendants.

LEVIN, Chief Judge.

The court has before it the plaintiff's motion to hold the defendants [1] and one Ray Whalen, a Michigan State Police Officer, in contempt of court for violation of an injunctive order.[2]

The action was instituted on October 16, 1962, under the Civil Rights Act, R.S. § 1979, 42 U.S.C. § 1983; R.S. § 1980, 42 U.S.C. § 1985(3); 28 U.S.C. § 1343 (3) and (4), seeking an injunction against interference with plaintiff's sale,

---

1. Dewey Schultz, who was Chief of Police of the City of Highland Park, Michigan; Colin J. McRae; and George W. Moore; respectively, the City Attorney and the Assistant City Attorney of the said City.

2. *Order Granting Motion for Summary Judgment.* This matter having heretofore been brought on for a hearing on plaintiff's Motion for Summary Judgment, and the Court having heard the argument of counsel and having viewed the various publications in dispute herein and the Court having determined that the subject publications and magazines are not obscene in accordance with the definition of obscenity as established by the United States Supreme Court in the case of Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957),

Now, therefore, on motion of counsel for plaintiff, it is

ORDERED AND ADJUDGED that none of the various issues of the magazines enumerated in the annexed Exhibit 1 constitutes hard-core pornography or is obscene or is otherwise subject to governmental suppression, consistent with the guarantees of the Federal Constitution.

IT IS FURTHER ORDERED that defendants Dewey Schultz, Colin J. McRae, and George W. Moore, and each of them, their employees, subordinates, and agents, and all persons acting for or in their behalf or in concert with them, are hereby restrained and enjoined from directly or indirectly:

(a) Threatening Royal News Company, its agents, employees, customers, or prospective customers, including wholesale and retail dealers, newsstands, and other outlets for magazines and periodicals sold by Royal News Company, with the institution of any suit, criminal or civil, arrest, or seizure of merchandise, based upon the sale, purchase, display or possession of any issue of any nudist magazine or publication enumerated in annexed Exhibit 1;

(b) Instituting or causing to be instituted a multiplicity of suits against Royal News Company or its vendees and successors, involving the alleged obscenity of any issue of any nudist magazine enumerated in said Exhibit 1.

IT IS FURTHER ORDERED that defendants shall return to plaintiff the 425 copies of magazines enumerated in said Exhibit 1, previously seized.

exhibition, and distribution of certain nudist magazines.[3] There was then pending in the Municipal Court of Highland Park, a city in the County of Wayne, Michigan, a criminal proceeding against the plaintiff and William Doerfler, one of its officers, charging the illegal sale of obscene nudist magazines. Plaintiff alleged that the nudist magazines were not obscene and that the police and prosecuting officials of the City threatened to persist in seizing future issues and institute multiple criminal prosecutions in connection with such seizures.

The plaintiff having filed a motion for summary judgment, a hearing thereon was held on December 17, 1962. After extensive discussion with the court, counsel for the defendants requested an adjournment for the purpose of filing briefs.

The court was naturally reluctant to interfere with the processes of criminal justice in the City of Highland Park. However, counsel for the defendants stated that the City authorities would give the court no assurance that there would not be repeated seizures and prosecutions of the plaintiff and its employees, agents, and customers arising out of the exhibition and sale of these magazines. Since the effect of such seizures and criminal prosecutions would be to deprive the plaintiff of business and its employees and agents of livelihood in contravention of their constitutionally protected rights, the court indicated during that hearing that it was inclined to issue an injunction to prevent the abuse of these rights. Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324. See also Marcus v. Search Warrant, etc., 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127, and In Re Louisiana News Company v. Daynies, D.C., 187 F.Supp. 241.

After two further hearings and an examination of the briefs, the court announced that as a matter of fact and law the nudist magazines under consideration were not obscene under the standard declared in Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, and that their distribution is therefore protected by the first amendment to the United States Constitution.

On June 6, 1963, an order granting the plaintiff's motion for summary judgment was entered with the written approval of the attorney for defendants as to substance as well as form.

The question before the court is whether Samuel H. Olsen, the Prosecuting Attorney of Wayne County, and the members of his staff, as well as the defendants named in the order, are bound by the injunctive order of June 6, 1963, because they are in fact persons who had actual notice of the order and who were in active concert or participation with the defendants. Rule 65(d), Federal Rules of Civil Procedure.[4] The rationale of this rule was stated by the Supreme Court in Regal Knitwear Co. v. N. L. R. B., 324 U.S. 9, 14, 65 S.Ct. 478, 481, 89 L.Ed. 661:

> "This is derived from the common-law doctrine that a decree of injunction not only binds the parties defendant but also those *identified with them in interest*, in 'privity' with them, represented by them or subject to their control. In essence it is that defendants may not nullify

---

3. A nudist magazine is one which contains photographs of nude men, women, and children in a nudist camp setting, with accompanying text relating to nudism, nudist camps, sunbathing, and similar matters. None submitted to the court contains photographs or text relating to sexual acts.

4. "(d) *Form and Scope of Injunction or Restraining Order.* Every order granting an injunction and every restraining order shall set forth the reason for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceedings." (Emphasis added.)

The motion for summary judgment was filed by the plaintiff on November 23, 1962. On November 27, 1962, Mr. Doerfler was invited to the office of John J. Rusinack, a Wayne County Assistant Prosecuting Attorney. He went accompanied by Mr. Erwin B. Ellmann, then the plaintiff's attorney of record in this case. Present at that meeting were Mr. Rusinack, an Inspector of Police, the head of the Detroit Censor Bureau Service, and two other police officers who stated that they were assigned to the Detroit Censor Bureau. During the course of the meeting, Angelo Pentolino, also a Wayne County Assistant Prosecuting Attorney, appeared and participated in the discussion, which concerned the pendency of this case as well as the views of obscenity harbored by city and county officials in connection with the nudist publications distributed by the plaintiff. Mr. Ellmann, at a hearing held on May 27, 1964, on the motion for contempt, testified in part as follows:

" * * * Mr. Pentolino then came in and took a much more aggressive attitude. And in his mind there just wasn't any question that all of these materials were obscene. And he made this clear in no uncertain terms. He said that if we did not immediately agree to discontinue the circulation of such materials in the area, he would proceed, there would be arrests which would follow indiscriminately. And I recall with some degree of vividness that he pointed out to me personally that if I did not advise my clients immediately to adopt a cooperative or, indeed, supine attitude, he would join me as an accessory or a co-conspirator."

At the December 17, 1962, hearing, Mr. Pentolino was present and sat at the counsel table with counsel for the defendants. When the court inquired about his identity, counsel for the defendants stated that he was an Assistant Prosecuting Attorney of Wayne County, that he was working on a similar case pending in the Michigan Supreme Court (People v. Villano, 369 Mich. 428, 120 N.W.2d 204), and that "he is over here for his own information, I think." At the conclusion of the hearing, Mr. Pentolino approached the bench and introduced himself. There ensued a lengthy discussion between him and the court concerning the issues which were the subject matter of the hearing. Many editions of the nudist publications received in evidence were on the bench, and the court was then able, in a manner which might otherwise have been embarrassing to persons in the courtroom, to discuss with Mr. Pentolino their similarity with those involved in some of the authoritative federal obscenity cases, including among others the case of In Re Louisiana News Company, supra, a case involving nudist magazines where standards similar to those employed by Mr. Pentolino's office were held unconstitutional.

On August 8, 1963, the Highland Park criminal proceedings against the Royal News Company and Mr. Doerfler which had been pending at the time this action was instituted and not restrained by the injunctive order of June 6, 1963, were dismissed.

On August 19, 1963, after further extensive seizures directed by the Wayne County Prosecuting Attorney, a civil suit was filed by Samuel Brezner, Chief Assistant Prosecuting Attorney, against Mr. Doerfler and the Royal News Company; and on the same day a restraining order, which is still in effect, was issued by the Honorable Joseph G. Rashid, a judge of the Wayne County Circuit Court, restraining Mr. Doerfler and the Royal News Company from the "distribution, sale or possession for sale of the said magazines or periodicals until further order of this court." Some of those magazines were covered by this court's injunctive order of June 6, 1963.

On December 13, 1963, Mr. Olsen, through Mr. Rusinack, his Assistant, filed a criminal information in the Re-

corder's Court for the City of Detroit, charging Mr. Doerfler with a criminal offense for distributing, among other publications, the nudist magazines covered by the injunctive order of June 6, 1963.

On January 13, 1964, Ray Whalen, on the authority of the Prosecuting Attorney of Wayne County, filed a criminal complaint in the Common Pleas Court of the City of Detroit, charging a criminal offense against persons, including Mr. Doerfler and one Soof, who was identified in interest with him, for displaying and selling publications, including nudist magazines.

Mr. Pentolino was also present at the May 27, 1964, hearing at the request of the court. He stated that in drafting the criminal complaint and warrant issued by his office on January 13, 1963, "We made very careful that none of the magazines that were enjoined by Judge Levin's order were included in that so there wouldn't be any violation of the order whatsoever and none were included." Nevertheless, some of the magazines which were included in the court's order were included in the criminal complaint and warrant.

Travilla G. Daines, who is counsel for the defendants, also gave evidence at the court's request. He testified that after he and Mr. Ellmann had approved the order of June 6, 1963, as to both form and content, he went to the office of the Prosecuting Attorney and spoke with Mr. Brezner to ascertain whether that office, although not a party to the action, wished to appeal from the order. Mr. Brezner decided not to appeal.

In the depositions of Mr. Brezner, who authorized these prosecutions as well as the civil court proceeding, and in the deposition of Ray Whalen, the State Police Officer, it was admitted that they knew of the proceedings pending in this court and of the issuance and scope of the injunction. The Prosecuting Attorney feels that since he is proceeding under the Michigan state obscenity statute and was not a party of record, this court's injunction did not operate to restrain his action.

In the civil case pending in the state court, Mr. Doerfler and the Royal News Company are enjoined from distributing or in any way showing the nudist magazines named in this court's order and other publications not covered by the injunctive order of June 6, 1963. The institution of criminal proceedings with respect to the specific magazines before the court subsequent to the injunctive order was obviously to harrass the plaintiff, its agents, servants, and employees in an attempt to circumvent the order.

The County Prosecutor and his Assistants cooperated with the defendants in this case. They had personal knowledge of the order of June 6, 1963. The decision not to appeal from that order was not made by the defendants but by the County prosecutors. Under these circumstances, to permit them to do that which the court has enjoined the defendants from doing would be a stultification of the judicial process. The court finds that the Prosecuting Attorney of Wayne County, his Assistants, agents and those under his control have placed themselves within the terms of the order of June 6, 1963, as "persons in active concert or participation with" the defendants. (Rule 65(d), Federal Rules of Civil Procedure).

As the court stated at several of the hearings, the order of June 6, 1963, does not prohibit the institution of any civil suit in connection with any magazines, even those described in the order, or any criminal proceedings in connection with the sale of a magazine or publication not described in the order.

The court deems it unnecessary to hold the Prosecuting Attorney of Wayne County, his Assistants, or his agents and others acting under his direction guilty of contempt, since it may surely be assumed that its order will be respected.