**ROYAL NEWS COMPANY, an Ohio Corporation, Plaintiff-Appellee,**

v.

**Dewey SCHULTZ et al., Defendants.**

**Samuel H. Olsen, Prosecuting Attorney of Wayne County, Michigan, Applicant-Appellant.**

**No. 16328.**

United States Court of Appeals
Sixth Circuit.

Aug. 19, 1965.

George H. Cross and Ravid R. Kaplan, Asst. Pros. Attys., County of Wayne, Detroit, Mich., for appellant, Aloysius J. Suchy, Asst. Prosecuting Atty., County of Wayne, Detroit, Mich., on the brief.

Ernest Goodman, Detroit, Mich., for appellee, Goodman, Crockett, Eden, Robb & Philo, Detroit, Mich., on the brief.

Before WEICK, Chief Judge, and CECIL and PHILLIPS, Circuit Judges.

PER CURIAM.

The original action was filed by Royal News Company, an Ohio corporation, owner and operator of a retail bookshop known as the "House of Books" in Highland Park, Michigan, against the chief of police, the city attorney· and the assistant city attorney of Highland Park. Jurisdiction was based upon 42 U.S.C. §§ 1983 and 1985(3) and 28 U.S.C. §§ 1343 (3) and 1343(4).

The complaint alleged that city police had seized from plaintiff's bookshop some 425 publications devoted to nudism and has arrested the manager of plaintiff's bookshop, all by authority of City Ordinance No. 603 which undertakes to prohibit the sale and distribution of obscene materials; and charged that said ordinance is unconstitutional on its face in that, as enforced ·by defendants, it deprives the plaintiff of rights guaranteed by the First and Fourteenth Amendments to the Constitution of the United States.

The district court entered an order under date of June 6, 1963, holding that none of the publications in question constitute hard-core pornography or obscenity under Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498, and

directed that the seized publications be returned to plaintiff. An injunction was issued, as quoted in the margin.[1] No appeal was taken from this order of the district court and its validity is not challenged on the present appeal.

In a subsequent proceeding an opinion was rendered by the district court as published in Royal News Company v. Schultz, et al., 230 F.Supp. 641 (E.D. Mich.1964), to which reference is made for a statement of facts. The district court entered the following order on November 17, 1964, pursuant to this opinion:

"For the reasons set out in the opinion of this court filed on June 19, 1964, 230 F.Supp. 641,

"IT IS HEREBY ORDERED that the Prosecuting Attorney of Wayne County, his Assistants, those under his control, and all other persons in active concert or participation with them who have actual notice of the order of the court dated June 6, 1963, are subject to the injunctive provisions of the said order, and

"IT IS FURTHER ORDERED that the motion of the plaintiff to find the defendants and others in contempt of the said order be, and the same is, hereby denied."

The prosecuting attorney of Wayne County, Michigan, has appealed from the later order, contending that the original action related exclusively to proceedings under the municipal ordinance of the City of Highland Park, but that the later order restrains a state officer, who was neither a named or represented party in the original proceeding, from acting under state statutes.

Rule 65(d) of the Federal Rules of Civil Procedure requires that every order granting an injunction "shall be specific in terms." Under the opinion of Judge Learned Hand in Alemite Mfg. Corp. v. Staff, 42 F.2d 832 (C.A. 2) and the principles announced in Chase National Bank v. City of Norwalk, 291 U.S. 431, and Thaxton v. Vaughan, 321 F.2d 474 (C.A. 4),[2] we hold that the order of the district court dated November 17, 1964, which is quoted above should be modified and made more specific by striking the second paragraph as quoted above and by inserting in lieu thereof the following:

"IT IS HEREBY ORDERED that the Prosecuting Attorney of Wayne County, Michigan, his Assistants, and those under his control, and all other persons in active concert or participation with them who have actual notice of the order of the court dated June 6, 1963, are subject to the provisions of said order, but only with respect to proceeding by authority of City Ordinance No. 603 of the City of Highland Park, Michigan, with the institution of any suit, criminal or civil, arrest or seizure of merchandise, pursuant to said ordinance. This order shall not be construed to restrain the Pros-

---

1. "IT IS FURTHER ORDERED that defendants Dewey Schultz, Colin J. McRae, and George W. Moore, and each of them, their employees, subordinates, and agents, and all persons acting for or in their behalf or in concert with them, are hereby restrained and enjoined from directly or indirectly:

"(a) Threatening Royal News Company, its agents, employees, customers, or prospective customers, including wholesale and retail dealers, newsstands, and other outlets for magazines and periodicals sold by Royal News Company, with the institution of any suit, criminal or civil, arrest, or seizure of merchandise, based upon the sale, purchase, display or possession of any issue of any nudist magazine or publication enumerated in annexed Exhibit 1;

"(b) Instituting or causing to be instituted a multiplicity of suits against Royal News Company or its vendees and successors, involving the alleged obscenity of any issue of any nudist magazine enumerated in said Exhibit 1."

2. See also 7 Moore, Fed.Practice § 65.13 (2d ed. 1955); 3 Barron & Holtzoff, Fed.Practice and Procedure § 1437 (Wright ed. 1958); 3A Ohlinger's Fed. Practice, p. 484 (1964); Anno. 97 A.L.R. 2d 490; Developments in the Law—Injunctions, 78 Harv.L.Rev. 994, 1028-31 (1965).

ecuting Attorney of Wayne County or his Assistants from proceeding under any statute of the State of Michigan."

An order will be entered modifying the judgment of the district court as herein directed. As modified the judgment of the district court is affirmed.