605 P.2d 900

**James L. RILEY, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF COCHISE, The Honorable Richard J. Riley, Judge of the Superior Court, Division III, Respondent.**

No. 2 CA–CIV 3372.

Court of Appeals of Arizona, Division 2.

Oct. 26, 1979.

Rehearing Denied Dec. 3, 1979.

Review Denied Jan. 3, 1980.

Beverly H. Jenney, Cochise County Atty., James L. Riley, Deputy County Atty., Bisbee, for petitioner.

Gentry, McNulty & Desens by James F. McNulty, Jr., and Tony K. Behrens, Bisbee, for respondent.

## OPINION

HATHAWAY, Judge.

Petitioner was found in contempt by the respondent judge, served an 8-hour sen-

tence in the county jail and was ordered to pay a fine of $150. Contempt orders are not appealable. *Van Baalen v. Superior Court*, 19 Ariz.App. 512, 508 P.2d 771 (1973). However, they are reviewable in appropriate circumstances by special action. *Weiss v. Superior Court of Pima County*, 106 Ariz. 577, 480 P.2d 3 (1971); *Ong Hing v. Thurston*, 101 Ariz. 92, 416 P.2d 416 (1966). Since the circumstances of this case show a failure to follow the appropriate rules, we assume jurisdiction and grant relief.

The petitioner, a deputy county attorney in Cochise County, was found in contempt by the respondent court "for countermanding, interfering with, modifying an order of this Court concerning the incarceration of a criminal defendant without proper authority . . ." The petitioner was the prosecutor in a probation violation hearing scheduled before the respondent judge. The judge had overheard the prosecutor on the telephone the evening before the hearing when the prosecutor was informing defense counsel that he was going to have the jail hold the defendant pending his arrival at the court for the hearing, rather than have him released pursuant to his hardship status at 5 a. m. as the court had ordered. The judge did not intervene at the time he heard the petitioner outline his intentions regarding the defendant's release.

The court interrupted the violation hearing and addressed the prosecutor in harsh language, referring to him as stubborn, arrogant, pig-headed, and "the bane of my existence." The judge stated that he regretted having the same last name as petitioner. The transcript of the proceedings shows that the court was upset with the petitioner not only because of his alleged actions in this case but also because of a pre-existing build-up of animosity that had occurred between the two. The judge had previously spoken to petitioner's employer, the county attorney, in an attempt to change petitioner's "attitude."

▮ The contempt involved here is criminal. *Ong Hing v. Thurston*, supra. If a contempt is criminal, but not within the bounds of A.R.S. Sec. 12–861, i. e., the con-

temptuous act is not a criminal offense by itself, the provisions of Rule 33, Arizona Rules of Criminal Procedure, 17 A.R.S., are applicable. The court punished petitioner under A.R.S. Sec. 12–864 which allows punishment "in conformity to the practice and usage of the common law" for contempts not within A.R.S. Sec. 12–861—12–863. Rule 33 outlines the procedure to be used for such punishment.

▮ The judge stated that he had heard the prosecutor on the telephone on the previous day in what appeared to him an attempt to countermand his order regarding the prisoner's release. No ground for summary citation under Rule 33.2 was present since there was no need ". . . for immediate penal vindication of the dignity of the court . . . ." *Cooke v. U. S.*, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925). Citation under Rule 33.2, similar to Federal Rules of Criminal Procedure, Rule 42(a), allows a judge to act without delay to end conduct of a type that would interrupt a trial. *Sacher v. U. S.*, 343 U.S. 1, 72 S.Ct. 451, 96 L.Ed. 717 (1952). Since Rule 33.2 was not appropriate, the provisions of Rule 33.3 controlled. That rule states:

"Except as provided by law or by Rule 33.2, a person shall not be found in criminal contempt without a hearing held after notice of the charge. The hearing shall be set so as to allow a reasonable time for the preparation of the defense; the notice shall state the time and place of the hearing, and the essential facts constituting the contempt charged, the notice may be given orally by the judge in open court in the presence of the person charged, or by an order to show cause. The defendant is entitled to subpoena witnesses on his behalf and to release under Rule 7."

▮ To be judged guilty of criminal contempt, it must be found that a defendant acted in a wilful manner. *State v. Cohen*, 15 Ariz.App. 436, 489 P.2d 283 (1971). The burden of proof, both as to the act committed and the intent, is that of proof beyond a reasonable doubt. *State v. Cohen*, supra. The procedure for such de-

termination is outlined in Rule 33.3 and it was not followed here. The respondent court did not allow petitioner time to prepare a defense nor did the court establish a time for a hearing. It is therefore necessary to vacate the contempt finding and order a hearing.

Petitioner argues that the respondent judge should have disqualified himself and, since we are remanding, we address this question. Under Rule 33.4,

"If the contumacious conduct involves gross disrespect or a personal attack upon the character of the judge, or if the judge's conduct is so integrated with the contempt that he contributed to or was otherwise involved in it, unless prompt punishment is imperative the citation shall be referred to another judge who shall hold a hearing to determine guilt and impose punishment."

Adopted from Federal Rule 42(b), the provision requiring disqualification applies when a contempt charge involves disrespect to, or criticism of, a judge. It has been held that disqualification is not required if a personal attack on a judge is not involved. *Ungar v. Sarafite*, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964).

In the comment to Rule 33.4, the cases of *Mayberry v. Pennsylvania*, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971) and *Offutt v. U. S.*, 348 U.S. 11, 75 S.Ct. 11, 99 L.Ed. 11 (1954) are cited as illustrations. In *Offutt*, the court found that "instead of representing the impersonal authority of law, the trial judge permitted himself to become personally embroiled with the petitioner. There was an intermittently continuous wrangle on an unedifying level between the two." 348 U.S. at 17, 75 S.Ct. at 15. The court warned against the judge sitting in judgment where the contempt charge was "entangled with the judge's personal feeling against the lawyer." 348 U.S. at 14, 75 S.Ct. at 13. In *Mayberry*, the court spoke of "personal attacks" upon the judge requiring disqualification. Here the contempt was not the result of any personal embroilment with the trial judge and while personal feelings were prominently dis-

played, they were not related to the contemptuous act being punished.

 We do not believe the alleged contempt was of the nature requiring disqualification under Rule 33.4. However, the respondent judge's comments reveal an attitude towards petitioner which suggests that he recuse himself. The finding of contempt and the sentence are vacated and the case remanded for compliance with Rule 33.3.

Relief granted.

RICHMOND, C. J., and HOWARD, J., concur.