NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

ISMAEL PALAFOX REYES, *Petitioner/Appellee*,

*v.*

MARIA SOCORRO RABAGO ESPINOZA, *Respondent/Appellant*.

No. 1 CA-CV 19-0786 FC
FILED 9-7-2021

Appeal from the Superior Court in Maricopa County
No. FN2016-094787
The Honorable Suzanne Scheiner Marwil, Judge

**VACATED AND REMANDED**

COUNSEL

Ortega & Ortega, P.L.L.C., Phoenix
By Alane M. Ortega
*Counsel for Petitioner/Appellee*

Law Offices of Linda Aaron-Lory, P.C., Paradise Valley
By Linda Aaron-Lory
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge D. Steven Williams delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge James B. Morse Jr. joined.

---

**W I L L I A M S**, Judge:

¶1        Maria Socorro Rabago Espinoza ("Wife") appeals an award of attorneys' fees for Ismael Palafox Reyes ("Husband") following a petition to enforce their dissolution decree. Because we cannot discern from the record under what legal authority the court awarded fees, and consequently cannot evaluate whether the court properly considered any factors it was required to consider, we vacate the award and remand the matter to the superior court.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        Husband and Wife married in 1987. In 2018, the two divorced by consent decree, which included an Arizona Rule of Family Law Procedure 69 settlement agreement.

¶3        Per the agreement, the parties needed to liquidate certain community property for purposes of division. The community estate included four vehicles, various pieces of furniture, a residence in Mesa, a rural Arizona property (the "Toltec property"), as well as two plots of land and a house in Sinaloa, Mexico. Wife held the majority of the community property. The decree stated "Wife has until August 9, 2018, to pay Husband his share [of the residence equity]. If payment is not made, the home will be immediately put up for sale." Wife neither paid Husband nor put the home up for sale.

¶4        A month after the consent decree, Husband petitioned the court to enforce the decree. Husband claimed he needed income due to his disability and medical issues. He requested attorneys' fees pursuant to A.R.S. § 12-864 (contempt), A.R.S. § 25-324(A), and under the terms of the decree.

¶5        Over the course of the next year, the parties came before the superior court three times. Each time the court set deadlines for compliance, but the parties made little progress. Frustrated by the acrimony between

the parties and counsel, the court cautioned counsel not to run up attorneys' fees that their clients could not afford.

¶6　　　　Wife sold the community furniture in August. In early December 2018, the court ordered Wife to turn over sales receipts and Husband's share of the furniture proceeds by December 26, 2018. Wife did not comply until mid-January 2019. But Wife still had not sold the cars and made no progress in selling the properties in Mexico. She indicated that her sister lived in the house in Mexico and the properties were titled in other people's names.

¶7　　　　In or around the end of 2018, Wife obtained a loan against the Mesa residence. The court ordered Wife to pay off Husband's equitable interest. As of the hearing in March 2019, Wife had not paid Husband for the residence, nor had she paid Husband for an earlier sale of the Toltec property. The court learned Wife's counsel had been holding Husband's $86,000 equity payment in her trust account for nearly four months. The equity payment cleared the bank in late April 2019.

¶8　　　　In July 2019, the court ordered an evidentiary hearing to determine if Wife had sold the furniture at below market value or had otherwise committed waste of the community property. At an evidentiary hearing in August, the court required Wife to physically sign the proffered Toltec check. The court later found that "Wife delayed in doing things that were very clear that she needed to do under [] the decree," and advised Husband he could file for an award of attorneys' fees. Husband did so and supported his request with counsel's affidavit and time records. Wife objected.

¶9　　　　The court entered a judgment for $20,563.87 – the full amount of attorneys' fees and costs Husband requested. Wife timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶10　　　　On appeal, Wife makes various objections to the award, including that she acted in good faith and did not violate the decree. She argues Husband had an equal duty to liquidate the property and the superior court abused its discretion in granting him fees.

¶11　　　　We review an award of attorneys' fees under A.R.S. § 25-324 for an abuse of discretion, *Magee v. Magee*, 206 Ariz. 589, 590, ¶ 6 (App. 2004), noting that an abuse of discretion occurs when there is an error of

law or a complete lack of evidence to support the court's findings. *Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8 (App. 2012). While the superior court is not obligated to make findings of fact absent a request, *see Myrick v. Maloney*, 235 Ariz. 491, 495, ¶ 10 (App. 2014), it is required to examine both the financial resources and the reasonableness of the positions of each party. A.R.S. § 25-324(A).

¶12        The superior court also retains the jurisdiction to enforce its own orders under its contempt power. *See Jensen v. Beirne*, 241 Ariz. 225, 229, ¶ 14 (App. 2016); A.R.S. § 12-864; Ariz. R. Civ. P. 91.2(a), 92(a)(1). Generally, contempt orders are not appealable, but may be reviewed in appropriate circumstances by special action. *Riley v. Superior Ct. In and For Cochise Cnty.*, 124 Ariz. 498, 499 (App. 1979).

¶13        Here, it is unclear whether the court awarded attorneys' fees under A.R.S. § 25-324, A.R.S. § 12-864 (the court's contempt power), or some other basis. If A.R.S. § 25-324 were the basis for the award, the superior court was required to consider both the financial resources and reasonableness of each party's position before awarding fees. Though the court noted that it was "very clear" that Wife was willfully unresponsive, which could be an indication that the court considered Wife's actions to be unreasonable, there is no indication that the court considered the parties' financial resources before making the award.

¶14        It is also possible that the court awarded fees utilizing its contempt power. But because there is nothing in the court's order, or in the record, which sheds any light on the basis for the court's award of attorneys' fees for Husband, we are unable to evaluate whether the court abused its discretion in making the award. Consequently, we vacate Husband's award and remand the matter to allow the court to show its work.

¶15        Both Husband and Wife request attorneys' fees on appeal under A.R.S. § 25-324. We have considered the reasonableness of both parties' positions and have determined that Wife has acted unreasonably on appeal. Her briefing was inflammatory and excessively long given the issue at hand. However, we do not have updated financial information for the parties. It is also unclear to us, whether Husband has returned to work or is disabled. For this reason, we decline to award either party fees on appeal. As the successful party on appeal, Wife is awarded her taxable costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶16    For the above-stated reasons, we vacate Husband's award of attorneys' fees and remand for the superior court to explain its basis for granting or denying Husband's request.



AMY M. WOOD • Clerk of the Court
FILED:    AA