NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

JENELL ISOM, *Petitioner*,

*v.*

ANDREW ISOM, *Respondent*.

No. 1 CA-SA 26-0013

FILED 03-02-2026

---

Petition for Special Action from the Superior Court in Maricopa County
No. FC2022-001987
The Honorable Michelle Carson, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

---

COUNSEL

Al Arpad, Phoenix
By Alexander R. Arpad
*Counsel for Petitioner*

Andrew Isom, Peoria
*Respondent*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew M. Jacobs delivered the decision of the Court, in which Judge Brian Y. Furuya and Judge James B. Morse Jr. joined.

---

**J A C O B S**, Judge:

¶1        Jenell Isom ("Wife") petitions this court for relief from a $5,000 contempt sanction against her for violating family court orders. She cites Arizona Rule of Criminal Procedure ("Rule") 35.4(a), which bars courts from fining people who were not found guilty of contempt by a jury who have not waived their right to a jury trial more than $300. Ariz. R. Crim. P. 35.4(a). Because Isom is right that Rule 35.4 bars the $5,000 fine, and because she has no other appellate remedy, we exercise our discretionary special action jurisdiction, vacate the $5,000 fine, and remand for further proceedings consistent with this decision.

## FACTS AND PROCEDURAL HISTORY

¶2        Wife petitioned to dissolve her marriage to Andrew Isom ("Husband") in March 2022. Following Wife's petition, the family court issued a preliminary injunction, effective immediately until a dissolution decree issued, barring Husband and Wife from selling or disposing of community property without written permission from the other party or the court. The injunction allowed that selling community property might be permissible if needed to provide the "necessities of life."

¶3        On January 6, 2025, the court entered a final dissolution decree. In it, the court found Wife had taken from the marital residence "[a]pproximately 22 Guns" that were community property, and that Wife intentionally disobeyed a September 2022 court order to provide Husband with the guns' serial numbers so he could register them. The decree ordered Wife to immediately return the guns to Husband.

¶4        After Wife failed to return them by July 1, 2025, Husband petitioned to enforce their return in "any capacity the court feels appropriate." Husband later petitioned the court to hold Wife in contempt. The court set a contempt hearing and ordered the parties to file pre-trial statements, which focused on Wife's refusal to return the guns.

¶5        Husband's pre-trial statement asked the court to hold Wife in "civil contempt" for refusing to return the guns and to impose monetary sanctions to compel her future compliance with court orders. Wife's pre-trial statement notified Husband and the court for the first time that Wife sold the guns "[o]n or about January 1 – 3, 2024" — while the injunction was in effect, but before the decree issued — to her sister's "now estranged" boyfriend for $3,000 cash because she needed to make ends meet. Husband responded that, even accepting Wife's claims as true, the preliminary

injunction prohibited her from selling the guns at the time she admitted doing so.

**¶6** At the hearing, the court suggested Wife did not take the proceedings seriously, was in contempt of the decree, and that contempt sanctions might alter her behavior. Husband argued Wife "unilaterally . . . admitted to selling the [guns] in violation of the preliminary injunction." He asked the court to "find [Wife] in contempt and impose appropriate sanctions to restore compliance and accountability." Wife said she sold the guns before the dissolution decree issued and that she believed the preliminary injunction allowed her to sell the guns to get by because Husband had not made court-ordered payments to her.

**¶7** The court found Wife in contempt for violating its orders by knowingly selling the guns. The court conferred with Husband about "appropriate restitution" for the guns and settled on a $16,000 sanction payable to him. The court then fined Wife an additional $5,000 for disobeying its orders.

**¶8** The court's order after the hearing reiterated its findings and sanctions. It found Wife "admits she sold the guns, in violation of the preliminary injunction and final order," specified the $16,000 was awarded and payable to Husband, and "further . . . fin[ed] [Wife] $5,000.00 for noncompliance." The order allowed Wife "[t]o purge the finding of contempt" by paying the $5,000 fine to the clerk of court.

**¶9** Wife appealed the entirety of the civil contempt order, but filed this special action, arguing that the family court framed the $5,000 contempt fine as civil, making that part of its civil contempt order non-appealable.

## DISCUSSION

### I. We Exercise Our Discretionary Special Action Jurisdiction Because the Contempt Sanction Is Criminal and Arises Under A.R.S. § 12-864, Making It Unappealable.

**¶10** Whether to exercise our special action jurisdiction is "highly discretionary." *Am. Fam. Mut. Ins. Co. v. Grant*, 222 Ariz. 507, 511 ¶ 9 (App. 2009). Here, we exercise our discretionary jurisdiction because the $5,000 fine is a type of criminal fine that is unappealable and would evade review if we did not exercise our discretionary jurisdiction, *see* Ariz. R.P. Spec. Act. 12(b)(5), as we next explain in further detail.

### A.    The Fine Was Criminal.

**¶11**        As an initial matter, the $5,000 contempt sanction was criminal, not civil.  "A contempt sanction is considered civil if it either 'coerce[s] the defendant into compliance with the court's order, [or] . . . compensate[s] the complainant for losses sustained." *Trombi v. Donahoe*, 223 Ariz. 261, 267 ¶ 26 (App. 2009) (quoting *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994)).

**¶12**        This sanction did neither:  it didn't coerce Wife into returning Husband's guns, nor did it compensate Husband for his loss.  The court found Wife sold the firearms, so compliance was impossible.  Nor did the fine compensate Husband for his loss; the $16,000 award did that.  Instead, the fine operated simply to punish Wife and vindicate the court's authority. *See id.* ("[A] contempt sanction is considered criminal if it is imposed solely to punish a past act and vindicate the authority of the court [] and cannot be avoided through compliance.").

**¶13**        Contrary to Husband's contention, paying the fine would not be a "purge" that would make the fine, if paid, civil.  Purging is when you "compl[y] with the court's order" giving rise to the contempt. *Korman v. Strick*, 133 Ariz. 471, 474 (1982).  Again, Wife can't return the guns she sold in violation of court orders.  Her inability to purge the contempt reinforces that the fine is criminal.

### B.    The $5,000 Criminal Fine Is Unappealable.

**¶14**        The $5,000 fine is also unappealable, because it arose under A.R.S. § 12-864.  A court may find a party in criminal contempt, and sanction that party monetarily, where the party's contemptuous act "also constitutes a criminal offense."  A.R.S. § 12-861.  In those cases, the criminal contemnor has a right to appeal. *See* A.R.S. § 12-863 ("An appeal may be taken as in criminal cases.").

**¶15**        But a criminal sanction imposed when the contemptuous act does not also constitute a criminal offense, instead arises under A.R.S. § 12-864 and is unappealable. *Van Baalen v. Superior Court*, 19 Ariz. App. 512, 513 (1973) ("Contempt orders or judgments under A.R.S. § 12-864, as opposed to those arising under A.R.S. § 12-861, are not appealable, even though they may theoretically be designated as 'criminal contempts.'"); *Rogers v. Superior Court* (*In re Anonymous*), 4 Ariz. App. 170, 171 (1966) (concluding "appellant has no right [to] appeal" contempt order "classified . . . as a criminal contempt within the purview of A.R.S. [§] 12-864, as

distinguished from the criminal contempt referred to in A.R.S. [§§] 12-861 through 12-863.").

**¶16** Here, Husband never alleged, and the court never found, that Mother's contemptuous acts also constituted criminal offenses. Lacking any such suggestion, the $5,000 fine was not only criminal, but was also not appealable. Because Wife lacks a right to appeal the fine, it would evade review unless we exercised our discretionary jurisdiction, as we do today.

**II. Because Rule 35.4 Bars Fines Over $300 Without Process Not Yet Provided, We Grant Relief.**

**¶17** Criminal contempt sanctions under A.R.S. § 12-864 may only be imposed by providing the procedural protections in Arizona Rule of Criminal Procedure 35. *See Riley v. Superior Court*, 124 Ariz. 498, 499 (App. 1979) ("If a contempt is criminal, but not within the bounds of A.R.S. [§] 12-861, i.e., the contemptuous act is not a criminal offense by itself, the provisions of [Rule 35] are applicable.").

**¶18** Rule 35.4 prohibits a court from "punish[ing] a person under this rule . . . by a fine greater than $300 . . . unless the person either has been found guilty of contempt by a jury or has waived the right to a jury trial." Ariz. R. Crim. P. 35.4(a). Wife was not found guilty of contempt by a jury, and she has not waived her right to a jury trial. As such, the family court was allowed to levy $300 of this fine, but not the remaining $4,700 of it.

## CONCLUSION

**¶19** Accordingly, we exercise our discretionary special action jurisdiction, vacate the $5,000 fine, and remand for further proceedings. Upon remand, the family court may fine Wife $300 without further process, and may consider imposing further punishments for contempt that are consistent with Rule 35.4 and this decision. In our discretion, we deny Wife's request for attorneys' fees.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR