520 P.2d 1191

**UNITED FARM WORKERS NATIONAL UNION, an unincorporated association, and Richard Cook, Appellants,**

v.

**HEGGBLADE – MARGULEAS – TENNECO, INC., a California corporation qualified to do business in the State of Arizona, Appellee.**

**No. 1 CA–CIV 2659.**

Court of Appeals of Arizona, Division 1, Department B.

April 16, 1974.

Rehearing Denied May 23, 1974.

Review Denied June 18, 1974.

James M. Rutkowski, Bruce E. Meyerson, Phoenix, for appellants.

Jennings, Strouss & Salmon by Leo R. Beus, Phoenix, for appellee.

OPINION

HAIRE, Presiding Judge.

Normally this Court does not issue opinions involving rulings on motions, but as the disposition of this matter involves the jurisdiction of this Court, it is believed to be of sufficient interest to warrant an opinion.

'This appeal is hereby being dismissed on the Court's own motion for lack of jurisdiction because of the nonappealability of the judgment and order sought to be appealed. This situation has come to the Court's attention as a result of the initial review of its own jurisdiction which the Court conducts upon the filing of an appeal. When lack of jurisdiction appears, the parties are normally requested, as they were here, to submit any additional facts or authorities pertinent to the question of

jurisdiction. The parties have each filed a memorandum on this question, which the Court has considered. The Court concludes that it lacks jurisdiction and therefore has no choice but to dismiss this appeal. Stevens v. Mehagian's Home Furnishings, Inc., 90 Ariz. 42, 365 P.2d 208 (1961); Van Baalen v. Superior Court, 19 Ariz.App. 512, 508 P.2d 771 (1973) (review denied).

The notice of appeal herein recites that the appeal is from "the Judgment of Contempt entered in the above-entitled action on July 12th, 1973, and re-affirmed after a Motion to Vacate on September 27, 1973, and from the whole thereof, including the awarding of attorneys fees. . . . "

The pertinent procedure in the trial court was as follows:

| | |
|---|---|
| May 21, 1973 | Judgment granting injunction filed |
| July 12, 1973 | Judgment of contempt filed, finding appellants in contempt for willfully violating judgment of May 21, 1973, but suspending imposition of punishment |
| July 17, 1973 | Motion for attorney's fees filed |
| July 23, 1973 | Motion to vacate and for new trial served and filed |
| July 27, 1973 | Opposition to fee motion filed |
| September 27, 1973 | Memorandum Opinion and Order filed, denying motion to vacate and for new trial, and awarding attorney's fees of $2,000 to appellee. |
| November 23, 1973 | Notice of appeal and bond filed |

Appellants' appeal is from the July 12th judgment holding them in contempt and from the September 27th award of attorney's fees in connection therewith. There has been no appeal from the injunction of May 21 itself. As indicated above, the actual contempt finding and judgment and the later award of attorney's fees were contained in two different documents: the judgment of July 12 and the order of September 27. Appellants claim that because they assert certain constitutional infirmities in the contempt procedure, the contempt judgment should be reviewable by *appeal,* and that in any event the order awarding attorney's fees was a separate and appealable order in itself and should not be regarded as an unappealable contempt order. The appellee claims that the award of attorney's fees is merely a part of and incidental to the contempt judgment itself and as such is unappealable. For the reasons stated herein, we must agree with the appellee.

The contempt procedure here was conducted under A.R.S. § 12–864. Therefore the July 12th judgment holding appellants in contempt is clearly not appealable. Van Dyke v. Superior Court, 24 Ariz. 508, 211 P. 576 (1922); Van Baalen v. Superior Court, *supra;* Anonymous v. Superior Court, 4 Ariz.App. 170, 418 P.2d 416 (1966); Herzog v. Reinhardt, 2 Ariz.App. 103, 406 P.2d 738 (1965).

In our opinion, the later order awarding attorney's fees was simply a part of that contempt judgment and is also unappealable. Had that award been made a physical part of the original written judgment, there would be no question as to its unappealable nature. We do not think that the fact that it was not entered until after disposition of the post-judgment motions, so that the full extent of the attorney's services was known, makes it a separate and appealable order. Both parties and the trial court treated this order as a part of the contempt judgment itself during the trial court proceedings. The motion for fees requested them "in connection with the filing and prosecution of the complaint for contempt of court against the defendants". Appellants' response in opposition thereto asserted that any such award would be a fine or punishment for the contempt and argued that none should be awarded because the court had already decided to suspend punishment. The trial court's order of September 27 indicates that the court itself regarded this award as part of or incidental to the contempt judgment, for it provides in part:

"After the defendants were adjudged in contempt of court, plaintiff filed a motion for award of attorney's fees and the court subsequently held a hearing in which evidence was presented with re-

spect to the reasonable value of services performed by plaintiff's attorneys. It is well established that a reasonable attorney's fee may be allowed to the prevailing plaintiff in a civil contempt proceeding. The court finds that $2,000 is a reasonable attorney's fee in this case."

Finally, appellants' notice of appeal indicates that they themselves believed the award was merely part of the judgment of contempt, as they appealed from the "Judgment of Contempt . . . and from the whole thereof, including the awarding of attorneys fees. . . ."

Appellants have cited no Arizona authorities indicating that an award of attorney's fees is a separately appealable aspect of the contempt judgment in connection with which it was entered. On the other hand, Herzog v. Reinhardt, *supra,* relied on by the appellee, establishes the proposition that all portions of a contempt judgment relating to the contempt itself or to its enforcement are nonappealable. In that case, Division 2 of this Court said:

"There are very important reasons why contempt orders of this type should not be appealable. The time to appeal from an order or judgment is when it is made, not when its enforcement is sought. The enforcement of judgments and orders of the trial courts cannot be held up by appeals taken in contempt proceedings. It must be remembered that the citizen is still protected from any arbitrary action of the trial courts, because if fundamental constitutional rights are violated, the contempt order can be attacked collaterally as void, upon certiorari or other writ, including, if the contemnor is imprisoned, habeas corpus. It follows then that the appeal from the finding of contempt must be dismissed." 2 Ariz.App. at 104, 105, 406 P.2d at 740.

In addition, any appeal solely from the award of attorney's fees would necessarily involve an examination of the identical issues which would be raised on an appeal from the finding of contempt itself, and if those issues may not be reviewed by a direct appeal, they may not be collaterally reviewed by appealing from an incidental aspect of the contempt judgment.

Appellants' contention that their claim of deprivation of constitutional rights in the conduct of the contempt proceedings requires appellate review is without substance as far as requiring this Court to entertain this *appeal.* Regardless of the nature of the issues involved, contempt orders under A.R.S. § 12–864 are not appealable in Arizona. As pointed out in Herzog v. Reinhardt, *supra,* and in Van Baalen v. Superior Court, *supra,* as well as in the numerous cases cited in the latter, such orders may, in appropriate circumstances, be reviewed by special action. Thus the contempt judgment here would have been reviewable by special action had such review been sought promptly after its entry. Appellate review was therefore available as to the actions of the trial court now claimed to be arbitrary and unconstitutional, but appellants did not seek it in the proper manner.

The appeal is hereby dismissed.

JACOBSON, C. J., Division 1, and EUBANK, J., concur.