NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JAMES E. CHAMBERS, *Petitioner/Appellant*,

*v.*

VERONCIA J. FOX, *Respondent/Appellee*.

No. 1 CA-CV 16-0128 FC
FILED 2-9-2017

Appeal from the Superior Court in Maricopa County
No.  FC2011-052795
The Honorable Jennifer C. Ryan-Touhill, Judge

**AFFIRMED IN PART, DISMISSED IN PART**

APPEARANCES

James E. Chambers, Scottsdale
*Petitioner/Appellant*

Veroncia J. Fox, Anthem
*Respondent/Appellee*

## MEMORANDUM DECISION

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Maurice Portley joined.[1]

O R O Z C O, Judge:

¶1        James E. Chambers (Father) appeals from the family court's post-decree orders denying his petitions for contempt and to modify child support.  For the following reasons, we affirm the family court's denial of the petition to modify child support and dismiss the appeal on the issue of contempt.

### FACTS AND PROCEDURAL HISTORY

¶2        Father and Veronica J. Fox (Mother) divorced in June 2012.  A few months later, they entered into an agreement modifying several orders contained in their decree, including orders concerning division of property, custody, and child support.

¶3        In August 2014 and January 2015, Father filed petitions seeking to (1) hold Mother in contempt for violating orders requiring her to make payments on a home equity line of credit and refinance or sell the parties' marital residence, and (2) modify child support.[2]  The matter went to trial in November 2015.  With one exception, the family court denied Father's petitions.[3]  The court denied Father's motion for a new trial or to amend the judgment, and Father timely appealed.  We have jurisdiction of

---

[1]    The Honorable Patricia A. Orozco and Honorable Maurice Portley, Retired Judges of the Court of Appeals, Division One, have been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2]    Father also requested a modification of legal decision-making authority and parenting time, but withdrew his request prior to trial.

[3]    The court did grant Father a nominal offset toward his child support arrearages.  The remainder of his petition was denied.

Father's appeal from the denial of his petition to modify child support pursuant to Arizona Revised Statutes (A.R.S.) section 12-2101.A.4.[4]

**DISCUSSION**

**¶4**        Father's opening brief largely fails to cite to the record or legal authority, which could constitute a waiver of the issues raised. *See* ARCAP 13(a); *Delmastro & Eells v. Taco Bell Corp.*, 228 Ariz. 134, 137 n.2, ¶ 7 (App. 2011). We address his arguments as best we can discern them, but consider waived arguments not supported by adequate explanation, citations to the record, or authority, *see In re Aubuchon*, 233 Ariz. 62, 64–65, ¶ 6 (2013), and those raised for the first time on appeal, *see Amparano v. ASARCO, Inc.*, 208 Ariz. 370, 374, ¶ 13 (App. 2004); *Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994).

### A.    Petition to Modify Child Support

**¶5**        Father mistakenly claims the family court erred by referring his petition to modify child support to the accountability court; a problem-solving court designed to deal with chronic child support payment arears. Although the family court initially ruled that the issue would be addressed by the accountability court, the court concluded shortly thereafter that "it's going to be before me."

**¶6**        Father obliquely challenges the family court's finding that Mother was not underemployed. Father suggests that Mother deliberately misled the court, pointing out that Mother's income more than doubled a few months later "without any deliberate effort" on her part. Again, Father misstates the record. Mother testified she was attending school to earn an advanced "psych certificate," which would qualify her to see patients as a psychiatric mental health nurse practitioner. She expected to graduate at the end of 2015 and test for the certificate in early 2016; she testified that adding to her medical practice would increase her income, "but I'm not there yet." We defer to the court's determination of Mother's credibility and the weight to give the evidence. *See Gutierrez v. Gutierrez,* 193 Ariz. 343, 347, ¶ 13 (App. 1998).

---

[4]        We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

### B.    Petition for Contempt

**¶7**    Father argues the family court erred by not holding Mother in contempt.  Civil contempt actions are not appealable.  *Berry v. Superior Court (Martone)*, 163 Ariz. 507, 508 (App. 1989); *Elia v. Pifer*, 194 Ariz. 74, 80, ¶ 30 (App. 1998).    Because we lack appellate jurisdiction to review Father's objections to the court's decision, *see Hurd v. Hurd*, 223 Ariz. 48, 50 n.2, ¶ 9 (App. 2009), that portion of the appeal is dismissed, *see Herzog v. Reinhardt*, 2 Ariz. App. 103, 105 (1965).[5]

### C.    Attorney Fees

**¶8**    Father argues the family court erred in denying his request for attorney fees, urging that Mother's position throughout the proceedings was unreasonable.  *See* A.R.S. § 25–324.A.  We will not disturb an order declining a fee award absent an abuse of discretion.  *MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶ 36 (App. 2011).  Because we affirm the family court's ruling on the merits, we discern no error.

## CONCLUSION

**¶9**    For the foregoing reasons, we affirm the family court's order denying Father's petition to modify child support and dismiss Father's putative appeal from the order denying his petition for contempt.  As the prevailing party, we award Mother her costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:   AA

---

[5]    Contempt orders must be challenged by filing a petition for special action.  *Stoddard v. Donahoe*, 224 Ariz. 152, 154, ¶ 7 (App. 2010); *Elia*, 194 Ariz. at 80, ¶ 30.  Even if we exercised our discretion to treat this question as a petition for special action, the family court's findings of fact are supported by the record and no relief from the court's legal conclusions would be justified.  *See State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 20 (App. 2003).