NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

*In re the Matter of:*

TARA JANE SMITH, *Petitioner/Appellee,*

*v.*

JEFFREY R. SMITH, *Respondent/Appellant.*

No. 1 CA-CV 20-0589 FC
FILED 7-1-2021

Appeal from the Superior Court in Maricopa County
No. FC2012-090788
The Honorable Suzanne Scheiner Marwil, Judge

**JURISDICITON ACCEPTED; RELIEF DENIED**

COUNSEL

Alongi Law Firm, PLLC, Phoenix
By Thomas P. Alongi
*Counsel for Petitioner/Appellee*

Collins & Collins, LLP, Phoenix
By Joseph E. Collins
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Brian Y. Furuya joined.

---

**C A T T A N I**, Judge:

¶1        Jeffrey R. Smith ("Father") challenges the award of attorney's fees in favor of Tara Jane Smith ("Mother") arising from Mother's civil contempt petition seeking enforcement of parenting time orders.   For reasons that follow, we treat this appeal as a special action and accept jurisdiction but deny relief.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Father and Mother have three children in common.  The level of conflict in the parties' parenting relationship has increased over the years, reflected by their repeated requests for court intervention following their 2014 divorce.  The last post-decree proceeding before the events at issue here resulted in a December 2019 modification judgment establishing parenting time orders that designated Mother as the children's primary residential parent during the school year, with Father receiving parenting time every other weekend, and additional time over summer break.  Mother appealed that judgment, and this court affirmed.  *See Brown v. Smith*, 1 CA-CV 20-0069 FC, 2020 WL 7038504 (Ariz. App. Dec. 1, 2020) (mem. decision).

¶3        At the end of March 2020, Mother filed a contempt petition seeking to enforce the parenting time orders in place at that time.  Citing Rule 91 and Rule 92 of the Arizona Rules of Family Law Procedure ("ARFLP"), Mother asserted that Father had violated the modification judgment's parenting time orders by failing to return the children to her custody after his weekend parenting time ended on March 22, 2020, purportedly due to concerns about the COVID-19 pandemic.  Mother asked the court to hold Father in contempt, order return of the children, provide her additional parenting time to compensate for lost time, and award her attorney's fees and costs related to the contempt proceeding.

¶4        Father returned the children before the court held a hearing on the petition, and Mother submitted an unopposed request to postpone the scheduled evidentiary hearing and instead set a resolution management

conference. At the resolution management conference, Mother's counsel informed the court that Father had provided adequate makeup parenting time to compensate Mother for lost time, leaving only Mother's claim for attorney's fees and costs unresolved. Father's counsel agreed that the requested fee award was the only remaining issue, and he agreed that the parties and the court could "deal[] with that on the papers."

¶5 The court confirmed that Mother's request for fees "stemm[ed] out of the need for the filing of the petition for contempt" and set a briefing schedule to resolve the issue, expressly providing Father an opportunity to cite any "extenuating circumstances" he thought the court should consider. In light of the parties' resolution of the parenting time issues, the court ordered that Mother's contempt petition otherwise be "deemed resolved."

¶6 Mother then filed an affidavit seeking $2,159.24 in attorney's fees and $89 in costs "related to [the] Rule 91 enforcement (and Rule 92 contempt) petition." *See Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183 (App. 1983) (setting forth requirements for such an affidavit). In response, Father expressed confusion about the basis for any attorney's fee award absent an evidentiary hearing and express contempt findings, focusing on the court's prior denial of attorney's fees under A.R.S. § 25-324 related to the modification judgment. Other than generally stating that the issue arose at the beginning of the COVID-19 pandemic and that "Father did of course do what he felt was best for the children," Father offered no extenuating circumstances or other justifiable reason to show that his failure to timely return the children was not a willful violation of the existing parenting time orders.

¶7 The superior court awarded Mother the full amount of attorney's fees and costs requested in a Rule 78(c) final judgment, and Father filed a notice of appeal.

## DISCUSSION

### I. Jurisdiction.

¶8 Father asserts that this court has appellate jurisdiction under A.R.S. § 12-120.21(A)(1) because "[t]his is an appeal from a judgment for attorney's fees without any underlying reason." But as described below, the challenged attorney's fee ruling is grounded in civil contempt proceedings seeking enforcement of existing parenting time orders and compensation for expenses (here, attorney's fees) incurred to secure Father's compliance with those orders. *See* ARFLP 92(a)(1); *cf. United Farm*

*Workers Nat'l Union v. Heggblade-Marguleas-Tenneco, Inc.*, 21 Ariz. App. 514, 515 (App. 1974). Such a civil-contempt-based ruling is not appealable. *See In re Marriage of Chapman*, 251 Ariz. 40, 42, ¶ 8 (App. 2021) (collecting cases). Nevertheless, because Father would otherwise be deprived of appellate review, we exercise our discretion sua sponte to treat the appeal as a special action and accept jurisdiction. *See Danielson v. Evans*, 201 Ariz. 401, 411, ¶ 35 (App. 2001); *see also* A.R.S. § 12-120.21(A)(4); Ariz. R. Spec. Act. 1(a).

## II.     Attorney's Fee Award.

**¶9**          Father argues that the superior court lacked a legal basis to award Mother her attorney's fees; he does not challenge the reasonableness of the amount awarded. We generally review this type of fee award for an abuse of discretion, *see Stoddard v. Donahoe*, 224 Ariz. 152, 154, ¶ 9 (App. 2010), although we review de novo the legal basis for the award. *See Burke v. Ariz. State Ret. Sys.*, 206 Ariz. 269, 272, ¶ 6 (App. 2003).

**¶10**          On petition by a party, the superior court may impose civil contempt sanctions "for compelling compliance with a court order or for compensating a party for losses because of a contemnor's failure to comply with a court order." ARFLP 92(a)(1). The alleged contemnor must receive notice of the "essential facts" underlying the allegations and an opportunity to be heard. ARFLP 92(b)(1)–(3); *see also Ong Hing v. Thurston*, 101 Ariz. 92, 99 (1966). The court generally must take evidence to determine the existence of a prior order of which the contemnor had notice and with which the contemnor failed to comply, and the contemnor may show that non-compliance was not willful. ARFLP 92(d)–(e). Attorney's fees may be awarded to defray the cost of seeking enforcement given the contemnor's failure to comply with the underlying order. *See* ARFLP 92(a)(1), (e)(2).

**¶11**          Father asserts that the attorney's fee award here was improperly based on his failure to "comply with a policy statement by a committee of Superior Court judges." But this assertion is not supported by the record. Despite Father's protestations that he has no idea what court order he violated, Mother's contempt petition specifically referenced the parenting time orders in "the modification judgment filed on December 2, 2019" and described the violation as his failure to return the children to Mother as required on a specific date.

**¶12**          While contempt proceedings generally involve "testimony and evidence" underpinning a formal contempt adjudication, *see* ARFLP 92(e), the parties' independent resolution of the substantive parenting time issues—Father's return of the children and provision of compensatory

parenting time to make up for the time he withheld from Mother—resolved any factual dispute as to the violation alleged. *See* ARFLP 92(d)(3). And Father has never disputed the existence of the modification judgment or his knowledge of the parenting plan encapsulated therein. *See* ARFLP 92(d)(1)–(2).

**¶13**        As to the basis of the attorney's fee award itself, Mother's contempt petition cited Rule 92 and sought fees to "reimburse" her for the cost of bringing the enforcement proceeding. The court orally confirmed that the fee request "stemm[ed] out of the need for the filing of the petition for contempt" to secure Father's compliance with the parenting time order. *See* ARFLP 92(a)(1) (permitting compensation for losses stemming from a contemnor's non-compliance with a court order).

**¶14**        Father's counsel also expressly agreed that the issue could be resolved by motion. While the court appropriately contemplated that Father might offer "extenuating circumstances" to excuse or explain his conduct, *see* ARFLP 92(e) (permitting the contemnor an opportunity to show the violation was not willful), Father's agreement to address fees "on the papers" undercuts his assertion that an evidentiary hearing was necessary to support the award. And in any event, beyond simply stating that Father did "what he felt was best for the children," Father offered no excuse or explanation showing how his non-compliance with existing parenting time orders was not willful.

**¶15**        Accordingly, Father has not established that the superior court erred by awarding Mother attorney's fees.

## III.    Attorney's Fees on Appeal.

**¶16**        Mother seeks an award of appellate attorney's fees and costs under A.R.S. § 25-324. Having considered the statutory factors and in an exercise of our discretion, we deny Mother's fee request. We award Mother her taxable costs on appeal upon compliance with ARCAP 21. *See* A.R.S. § 12-342(A).

## CONCLUSION

**¶17** Treating the appeal as a special action, we accept jurisdiction but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA